25016. PREFERRED INSURANCE COMPANY v. BENTLEY, Commissioner, et al.

ARGUED JANUARY 14, 1969—DECIDED FEBRUARY 20, 1969— REHEARING DENIED MARCH 6, 1969.

*Vandiver, Barwick & Bentley, Thomas S. Bentley, Gilbert B. Meredith, Edward J. Stoddard,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Poole, Pearce & Cooper, Walter G. Cooper, Devereaux McClatchey, Jr., Claud M. Hicks, W. R. Robertson, III, A. R. Barksdale, Robert J. Castellani,* for appellees.

GRICE, Justice. Two rulings made in an insurance company receivership comprise this appeal. One is the overruling of objections to an ancillary receiver's final report, and the other

is the denial of a motion that he turn over to the domiciliary receiver funds received from a former agent of the company.

These rulings grew out of the appointment of James L. Bentley, as Insurance Commissioner of Georgia, as ancillary receiver of the Preferred Insurance Company, a Michigan corporation for which a domiciliary receiver had previously been appointed by a court of that state. Subsequent events which are relevant here are those which follow.

The ancillary receiver, joined by the State Board of Workmen's Compensation, petitioned the Superior Court of Fulton County for instructions as to the disposition of certain deposits which had been made by the insurance company in order to do business in Georgia. The petition recited that as such receiver Bentley had taken charge of these deposits as assets for administration here but that the domiciliary receiver had demanded that they be delivered to him for administration in Michigan. The petition also alleged that 37 Georgia claims had been filed to the funds on hand.

We ruled in *Preferred Ins. Co. v. Bentley*, 223 Ga. 735 (157 SE2d 737), as follows: "We must affirm the trial court's judgment that deposits made with this state by a Michigan insurance company, now in receivership, be held for the benefit of all Georgia claimants, and the balance of such deposits, if any, after all such claims have been liquidated, be paid to the domiciliary receiver.

"The only provision in Georgia law for transferring deposits made with this state by a foreign insurance company to the domiciliary receiver of the company is in the Uniform Insurers Liquidation Act (Ga. L. 1960, pp. 289, 509 et seq., Ch. 56-14; *Code Ann. Ch.* 56-14), and there was no evidence that Michigan is a reciprocal state and therefore entitled to the benefit of that Act."

Thereafter the trial court passed an order prescribing the time and place for presentation, proof and allowance of claims against the deposits "and against any other assets of . . . [the insurance company] that are in this State." The trial court later ordered the ancillary receiver to file his report with the court setting forth all claims filed with him, the amount thereof,

and his recommendations as to the allowance and amount of each claim to be allowed; provided for service of such report on all interested parties; ordered that all parties file any objections to the allowance of the claims or the amount thereof within a specified time; and set a date for a hearing on "the matter of . . . [such] report, objections thereto and the procedure to be followed in the proper disposition of controverted issues."

The ancillary receiver's report with recommendations was duly filed. Several claimants filed objections to it, but the domiciliary receiver did not.

Upon the hearing thus provided for, the ancillary receiver's report with recommendations was received in court, and the objections made to it were considered. It was apparent that the Georgia claims exceeded the assets on hand. The trial court entered an order amending the report in specified particulars and disposing of all the objections. It then ordered the ancillary receiver to submit a final report with drafts attached by a named date, and provided that all parties have a specified time, after approval by the court of the final report, to file objections thereto.

The final report, incorporating the amendments ordered by the court, covering all claims allowed and disallowed, and providing for a final accounting, was duly filed. It was approved by the trial court.

The domiciliary receiver filed objections to the final report. Upon a hearing they were overruled.

Upon the hearing on objections to the ancillary receiver's final report, the trial court also denied the motion of the domiciliary receiver that funds received from a former agent of the insurance company be turned over to such receiver.

The appeal is from the overruling of the objections to the ancillary receiver's final report and the denial of the motion for the agency funds.

■ Three of the enumerations of error raise issues predicated upon the Uniform Insurers Liquidation Act (Ga. L. 1960, pp. 289, 509 et seq., Ch. 56-14; *Code Ann.* §§ 56-1401—56-1410), which we held in the prior appearance (223 Ga. 735, supra)

was not involved here. That ruling established the law of the case adversely to the contentions of the appellant domiciliary receiver on these issues. Therefore these enumerations are without merit.

■ The enumerations complaining of the overruling of the domiciliary receiver's objections to the ancillary receiver's final report is not valid.

Such objections were filed too late. The court's approval of this report did not determine any issue that had not already been considered and adjudicated by it upon the hearing on objections to the report and recommendations filed by the ancillary receiver approximately six months previously. The domiciliary receiver made no objections to that report although a specified time had been allowed for objections after the filing of the report and a hearing was had to consider the objections made. The domiciliary receiver can not stand silently while the court determines the issues made by other objectors and then come in and object for the first time after the court has ordered a final report with drafts attached for payment of the claims and expenses of administration as determined at such prior hearing. By waiting until this stage of the proceeding, the domiciliary receiver has waived any objections.

■ The remaining enumeration, that the trial court erred in denying the domiciliary receiver's motion that the ancillary receiver turn over to him certain funds received from a former agent is likewise without merit.

This motion also came too late. From what appears, the domiciliary receiver had knowledge of these funds for almost two years before he filed the motion to obtain them. Furthermore, the first report of the ancillary receiver showed these funds, along with the deposits, as assets of the company to be distributed to Georgia claimants and, as discussed in Division 2, the domiciliary receiver made no objection to that report. Not until more than two months after the filing of the ancillary receiver's final report, which reflected determinations made at the hearing on his first report, did the domiciliary receiver seek to obtain these funds.

For the foregoing reasons, we find no error.

*Judgment affirmed. All the Justices concur.*