## 30668. FIBERTEX, INC. v. CALDWELL.

UNDERCOFLER, Presiding Justice.

United Bonding Insurance Company, an Indiana corporation qualified to do business in Georgia, became insolvent in 1971. Appellee was appointed ancillary receiver in Georgia. At that time appellant held a Georgia judgment against United in the principal amount of $10,487.16 with interest at 7% from October 19, 1970. The ancillary receiver in his final report to the Fulton Superior Court among other things recommended payment of the principal amount only of appellant's judgment. Upon the filing of the final report a judge of the Fulton Superior Court issued an order dated July 23, 1975, to all claimants to show cause "before the judge before whom this case is assigned . . . why the report and recommendations of the ancillary receiver as to the disposition of claims . . . should not be approved and made the judgment of this court." It was further ordered that a copy of the report and the "show cause" order be served on claimants "within ten days after this case is assigned." On August 14, 1975, appellant in a letter directed to the ancillary receiver acknowledged receipt of a copy of the final report and requested that the report be re-examined and that interest on its claim be allowed as provided in its judgment. A copy of the letter was sent to the Fulton Superior Court Judge who issued the "show cause" order. On September 12, 1975, the matter was heard by a Fulton Superior Court Judge to whom the case was assigned but other than the judge who issued the "show cause" order. The final report was approved by written order that day.

The order recites that the matter had been set for a hearing that day and no objections having been brought the final report as amended in other particulars was approved, payment of the claims approved as recommended, and the ancillary receiver discharged. Appellant filed a copy of its letter to the ancillary receiver with the clerk of the court on October 20, 1975.

Appellant asserts in this appeal that the court erred in not allowing interest on its judgment. It argues that the ancillary receiver's final report shows there were sufficient funds on hand to pay such interest. *Held:*

We do not reach the question of whether appellant was entitled to its claim for interest. The superior court's order for a hearing upon the ancillary receiver's final report is what is known as a "bar order." It specifically directed claimants to appear before the court and make known their objections to the "recommendations of the ancillary receiver as to the disposition of claims." The appellant did not comply with this order. The appellant's letter to the ancillary receiver voicing objections, a copy of which was sent to the Fulton County judge not assigned to preside at the hearing, was not a compliance with the "show cause" order. Generally failure to comply with a "bar order" in receivership proceedings after notice precludes sharing in assets. *Industrial Realty Co. v. International Reinsurance Corp.,* 183 Ga. 605 (189 SE 49) (1936). See *Suttles v. J. B. Withers Cigar Co.,* 194 Ga. 617 (22 SE2d 129) (1942); Code Ann. § 37-410. Similarly failure to comply with a "bar order" directing claimants to appear and make known their objections to the receiver's final report and recommendations generally precludes later objections. *Preferred Ins. Co. v. Bentley,* 225 Ga. 160, 163 (166 SE2d 340) (1969). Appellant after notice did not make his objections known to the court within the time allowed. It can not now complain after dissolution of the receivership proceedings and discharge of the ancillary receiver.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 29, 1975 — DECIDED JANUARY 28, 1976.

*G. Hughel Harrison,* for appellant.
*Donald A. Page, Arthur K. Bolton, Attorney General,* for appellee.