## 55832. AVCO LYCOMING v. NEWTON AERO, INC. et al.

SMITH, Judge.

After Avco Lycoming failed to file an answer in this tort action, the trial court entered default judgment against it and further ordered that the "action be immediately placed on the first available default calendar in order that the issue of damages . . . be decided upon by a jury." Avco filed a motion to set aside the default, which motion was denied, and from the denial of that motion Avco appeals. Newton Aero, appellee, has moved to dismiss the appeal because it is not a final order, there still remaining the jury trial as to damages. We agree, and the appeal is dismissed.

The Supreme Court has said, "The denial of a motion to set aside a default judgment is an appealable judgment without a certificate of immediate review." *Shannon Co. v. Heneveld,* 235 Ga. 635 (221 SE2d 200) (1975). In the context of a default judgment finally disposing of the lawsuit, the *Shannon* rule is appropriate because the

denial of the motion to set aside that final judgment leaves nothing to be decided in the trial court. However, in the context of a default judgment which is itself not final and which is itself not directly appealable because of this lack of finality (*Black v. Sturdivant,* 131 Ga. App. 698 (206 SE2d 526) (1974)), the denial of a motion to set aside the default is not a final judgment. The case is still pending in the trial court; the issue of damages in this case is yet to be decided.

To allow direct appeal in this situation would present the problem of piecemeal appeals when default judgments have been entered in cases where the damages are unliquidated and remain to be determined by a jury. The appellant should have followed the procedures for an interlocutory appeal, and its failure to do so deprives this court of jurisdiction to consider the merits.

*Appeal dismissed. Deen, P. J., and Banke, J., concur.*

ARGUED MAY 2, 1978 — DECIDED JUNE 19, 1978 — REHEARING DENIED JULY 10, 1978 — ▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Barwick, Bentley, Hayes & Karesh, M. Cook Barwick, Gary L. Seacrest,* for appellant.

*Turem & Kirschner, Andrew R. Kirschner, Scott H. Kaplan, Meade Burns,* for appellees.