## 70305. ATTRIDGE v. MAINES.
### (330 SE2d 409)

BEASLEY, Judge.

Maines brought suit against G. P. Attridge, individually, and d/

b/a Luxury Imports alleging, inter alia, breach or anticipatory breach of contract in the sale of a certain Mercedes automobile. On April 20, 1984, counsel for defendant waived process and acknowledged service of the complaint. On June 4, the forty-fifth day after acknowledgment of service, the defendant filed an answer and counterclaim, which stated, among other things, that defendant had failed to file an answer within thirty (30) days of acknowledgment of service thereby sending the case into default and that defendant had timely tendered court costs, and therefore was opening the default as of right pursuant to OCGA § 9-11-55 (a). Defendant had paid only $8 of the $53 court costs which had accrued up to that time.

On September 12, 1984, plaintiff Maines filed a motion for default judgment contending that the default was not properly opened as a matter of right under OCGA § 9-11-55 (a) inasmuch as defendant had paid only part of the accrued costs in the action. Defendant filed an answer to the motion contending that the partial payment of $8 was the result of good faith reliance on erroneous information given him by the office of the clerk of court.

Following a hearing, the trial court, on November 16, 1984, issued an order granting the plaintiff's motion. In so ruling, the court ordered, inter alia, "that this matter proceed henceforth on the issue of damages alone." This appeal followed.

The record before us indicates that defendant did not obtain a certificate of immediate review from the trial court or make an attempt to do so in order to pursue interlocutory appeal. Nor does the record show that defendant/appellant properly petitioned the trial court to open the default under the provisions of OCGA § 9-11-55 (b).

Appellee, plaintiff Maines, has filed a motion to dismiss the appeal and for the imposition of sanctions for frivolous appeal. *Held*:

The law distinguishes between a default, which involves an interlocutory matter, and a default judgment, which represents final judicial action and the vesting of rights. *Clements v. United Equity Corp.*, 125 Ga. App. 711, 712 (188 SE2d 923) (1972); *Lanier v. Foster*, 133 Ga. App. 149, 153 (210 SE2d 326) (1974).

The record in the instant case fails to reflect that a default judgment, rather than a default, was entered against the defendant. It appears that the case sub judice is still pending in the trial court in order to determine the issue of damages. Accordingly, the appeal is premature and it must be dismissed. *Gaylord's Nat. Corp. v. Brown*, 172 Ga. App. 886, 887 (325 SE2d 168) (1984).

This clearly being an interlocutory appeal, and appellant having ignored the steps for bringing the same, and having caused unnecessary delay in the resolution of the dispute and expenses to appellee in defending against the appeal, the court deems the appeal to be frivolous and grants appellee's motion for sanctions. The trial court is di-

rected to enter an order in this case assessing a penalty of $300 against appellant and in favor of appellee, which penalty shall be made a part of the court's final judgment. Court of Appeals Rule 26 (b).

*Appeal dismissed with direction. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 2, 1985.

*Leroy W. Robinson, Jr.,* for appellant.
*Douglas E. Smith, J. Allen Maines,* for appellee.