70062, 70108. ROBINSON et al. v. ROBINSON; and vice versa.
(331 SE2d 8)

BANKE, Chief Judge.

The defendants in this medical malpractice action moved for summary judgment based on a sworn affidavit to the effect that no negligence had occurred and also on a statute of limitation defense. On the day of the hearing, the defendants were served with an opposing medical affidavit which the plaintiff had filed with the court on the previous day. The defendants moved the trial court to strike this opposing affidavit on the grounds that it was not timely served and was based on medical records which were not properly sworn to or certified. In three separate orders, the trial court denied these two objections and also denied the motion for summary judgment insofar as it applied to the merits of the malpractice claim. However, in a fourth order the court dismissed the suit on the ground that it was barred by the applicable statute of limitation.

Without indicating that any such dismissal order had been entered, the defendants subsequently applied to this court for permission to file an interlocutory appeal from the orders overruling their objections to the affidavit and from the order denying their motion for summary judgment. We granted the application; and, after the defendants had filed their notice of appeal, the plaintiff cross-appealed from the order dismissing the suit. *Held*:

1. The denial of the defendants' objections to the affidavit and of their motion for summary judgment with regard to the merits of the malpractice claim were mooted by the simultaneous dismissal of the action. The interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) obviously were not intended to apply to a case in which final judgment has already been rendered, "that is to say, where the case is no longer pending in the court below . . ." OCGA § 5-6-34 (a) (1). In such a situation, the prevailing party has no reason to seek appellate review of any interlocutory rulings which may have been handed down, unless and until the losing party has filed a direct appeal.

Based on the failure of the defendants in this case to reveal to this court in their application for interlocutory appeal that a final judgment had already been entered in their favor, we hold that the application was improvidently granted, and we accordingly dismiss the main appeal.

2. Assuming *arguendo*, that the grant of the defendants' application for interlocutory appeal gave the plaintiffs the right to pursue a direct cross-appeal, the jurisdictional basis for such a cross-appeal must be deemed to have disappeared with the dismissal of the main appeal. See generally *Southeast Ceramics, Inc. v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980); *Alexander Underwriters v. Ins. Agencies of Ga.*, 156 Ga. App. 560, 563 (3) (275 SE2d 138) (1980).

The proper procedure for the plaintiff to have followed to obtain appellate review of the order dismissing the complaint was simply to file a direct notice of appeal from it in a timely manner. The defendants would then have been entitled, under the authority of *Southeast Ceramics, Inc. v. Klem*, supra, to file a cross-appeal with respect to any interlocutory rulings which may have been adverse to them. However, because the plaintiff did not file a notice of appeal within 30 days of the entry of the dismissal order, and because there is no longer any conceivable jurisdictional basis for a cross-appeal, we have no jurisdictional basis upon which to entertain any appeal by the plaintiff in this case.

*Appeals dismissed. McMurray, P. J., and Benham, J., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing, the plaintiff asserts that he did in fact file a timely direct appeal from the trial court's dismissal order, albeit to the Supreme Court rather than to this court, but that he later withdrew that appeal in reliance upon this court's action in granting the defendants' application for interlocutory appeal. Attached to the brief in support of the motion for rehearing are copies of the notice of appeal to the Supreme Court, the letter withdrawing that appeal, and several other documents allegedly on file with the Supreme Court. It

is axiomatic that exhibits contained in an appellate brief which do not appear in the record or transcript on file in this court cannot be considered by this court. See, e.g., *Jenkins v. Chambers*, 127 Ga. App. 200, 204 (193 SE2d 222) (1972); *Life Ins. Co. v. Thomas*, 127 Ga. App. 682 (1) (194 SE2d 625) (1972). In any event, the fact that an appeal was previously filed and withdrawn in the Supreme Court obviously could not have the effect of establishing jurisdiction in this court over a case in which such jurisdiction would not otherwise exist. Although our dismissal of the plaintiff's cross-appeal may regretfully have the appearance of being based on the disingenuous manner in which the defendants presented their original application for interlocutory appeal, the fact remains that the plaintiff had the absolute right to pursue a direct appeal from the adverse judgment entered against him by the trial court in this case and that it was he who chose voluntarily to relinquish that right.

DECIDED APRIL 3, 1985 —
REHEARING DENIED APRIL 29, 1985 — 

*Hubert C. Lovein, Jr., James V. Towson, John W. Collier*, for appellants.
*Monroe J. Feldman, Michael D. Goodman*, for appellee.