A89A0222. SIMONS v. EQUITEC PROPERTIES COMPANY.
(380 SE2d 90)

CARLEY, Chief Judge.

On August 5, 1988, appellee-landlord filed a dispossessory action, seeking not only possession of the premises but also past due rent. On August 9, 1988, service was made by tacking and mailing. See OCGA § 44-7-51 (a). On August 15, 1988, appellant-tenant mailed his answer to the clerk's office. On August 17, 1988, appellant's answer was received in the clerk's office and filed. On August 19, 1988, even though no default judgment had yet been entered, appellant filed a "Motion To Set Aside Judgment." On September 8, 1988, the trial court denied appellant's "motion to set aside judgment or to open default. . . ." Appellant brings this direct appeal from the denial of his motion.

Since no default *judgment* has ever been entered, it is clear that appellant's motion can only be construed as a motion to open default. "The law distinguishes between a default, which involves an interlocutory matter, and a default judgment, which represents final judicial action and the vesting of rights. [Cits.]" *Attridge v. Maines,* 174 Ga. App. 472, 473 (330 SE2d 409) (1985). Appellant has not complied with the interlocutory appeal provisions of OCGA § 5-6-34 (b). Compare *A. G. Spanos Dev. v. Caras,* 170 Ga. App. 243 (316 SE2d 793) (1984). Accordingly, this court has no jurisdiction and the appeal from the denial of appellant's motion to open default is dismissed.

*Appeal dismissed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 16, 1989.

*Benjamin P. Erlitz,* for appellant.

*McCalla, Raymer, Padrick, Cobb & Nichols, Carol V. Clark, R. Therrese Perrotta*, for appellee.