A89A1992. BARTON v. ANTHONY.
A89A1993. CHANCE et al. v. ANTHONY.
(391 SE2d 25)

BANKE, Presiding Judge.

The appellee, Mildred Anthony, obtained a judgment against appellant Kenneth Chance, among others, in an action to enforce a workers' compensation award previously entered in her favor. Following entry of that judgment, an award of attorney fees and expenses of litigation was entered, pursuant to OCGA § 9-15-14 (b), against appellant B. H. Barton, the attorney who had filed defensive pleadings on behalf of the defendants in the case. Barton filed a direct appeal from the latter award and also joined with Chance in filing an appeal from a subsequently entered order denying their motion for a protective order to abate post-judgment discovery. *Held*:

1. Barton's appeal from the award of attorney fees and expenses of litigation, docketed in this court as case no. A89A1992, is dismissed based on his failure to follow the application procedures applicable to "[a]ppeals from awards of attorney's fees or expenses of litigation under Code Section 9-15-14." OCGA § 5-6-35 (a) (10).

2. While the notice of appeal in case no. A89A1993 ostensibly is from the order denying the motion for a protective order to abate post-judgment discovery, all of the appellants' enumerations of error in that appeal relate to the trial of the case. There appears to be a conflict in the decisions of this court regarding whether post-judgment discovery orders are directly appealable pursuant to OCGA § 5-6-34. See *Custom Form Mfg. Co. v. Miller*, 157 Ga. App. 410 (278 SE2d 69) (1981); *Petty v. Chrysler Credit Corp.*, 169 Ga. App. 418 (312 SE2d 874) (1984); *Miller v. U. S. Shelter Corp.*, 179 Ga. App. 469 (347 SE2d 251) (1986). Pretermitting that issue, however, we hold that an appeal from such an order cannot be used as a vehicle for

obtaining appellate review of the final judgment entered in the case, where the time for appealing that judgment has otherwise expired. The present appeal is consequently dismissed.

*Appeals dismissed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 13, 1990.

*Kenneth R. Chance*, for Barton.
*Nelson & Hill, Janet E. Hill*, for Anthony.
*Kenneth R. Chance*, pro se.

