A91A1422. CORNELIUS v. FINLEY.
(413 SE2d 491)

ANDREWS, Judge.

Finley filed a dispossessory action in DeKalb State Court against her tenant Cornelius. In response to the action, Cornelius filed an answer and a counterclaim in which he sought damages and sought to have the action transferred to superior court because the case involved "questions regarding the purchase price of the property and what should be done with the purchase price of the property."

The court issued a trial notice for February 13, 1991, and on that date heard Cornelius' motion to transfer. Although Cornelius argued that a transfer was necessary since his counterclaim involved claims for equitable relief, his counterclaim as drafted set forth claims for legal relief. Because of this, the trial court allowed Cornelius a week to amend the counterclaim to reflect the equitable defenses. The trial court ordered that the hearing on the motion to transfer be continued until February 20, 1991, and that Cornelius pay the arrearage of rent into the registry of the court.

On February 15, 1991, Cornelius filed an amended counterclaim and a "Motion for New Trial." In the meantime, because the payments mandated by the February 13 order had not been paid, Finley filed an application for writ of possession. On the same date, a rule nisi issued which indicated that the Motion for New Trial would be heard on February 25. The record contains a letter to Cornelius' attorney, also dated February 15, which discusses the rule nisi.

On February 19, Cornelius filed a notice of appeal in which he appealed the "judgment" of February 13 and the granting of the writ of possession. On February 21, the court issued an order which stated that after a hearing Finley's motion to enforce the writ of possession had been granted.

The case came before the court on February 25 and despite two telephone calls from the court and the notice above, Cornelius failed to appear. Pursuant to Finley's motions to strike, Cornelius' motion for new trial and motion to transfer were dismissed and his counterclaim was stricken. The trial court then heard evidence and entered judgment in favor of Finley for $9,100.41 plus court costs.

1. In his first enumeration of error, Cornelius claims that the trial court erred in completely resolving the case at the February 25 court date since he had insufficient notice that the trial would be held on that date.

At the outset, we note that there is no dispute that Cornelius received the trial notice for February 13 and a rule nisi for February 25. Further, there is a notation on the dispossessory warrant itself from the clerk's office that the matter was "reset" from February 20 to February 25, 1991.

The trial notice provisions of OCGA § 9-11-40 and the concern for an expedient resolution of dispossessory actions from OCGA § 44-7-53 merge in the requirement under Uniform State Court Rule 8.3 of 24 hours trial notice in dispossessory cases.[1] "If a tenant files an answer in a dispossessory action, as appellant herein did, a trial of the issues shall be had in accordance with the procedure prescribed for civil actions in courts of record. OCGA § 44-7-53 (c). Under Rule 8.3 the state court's trial calendar shall be distributed or published a sufficient period of time, but not less than 20 days, prior to the session of court at which the actions listed thereon are to be tried, except that the trial calendar for dispossessories shall be published at least twenty-four hours in advance of the hearing." (Punctuation omitted.) *Favors v. Arnold*, 181 Ga. App. 286 (351 SE2d 641) (1986). "Moreover, the burden is on the one contending that no notice, or improper notice, was given to show error affirmatively by the record. *Hancock v. Oates*, 244 Ga. 175 (259 SE2d 437) (1979)." *Automated Med. Svcs. v. Holland*, 166 Ga. App. 57, 58 (1) (303 SE2d 127) (1983).

Such error does not appear affirmatively from the record here. See also *Grindle v. Eubanks*, 152 Ga. App. 58, 60 (262 SE2d 235) (1979), compare *Bradshaw v. Jackson Hills Apts.*, 169 Ga. App. 447 (313 SE2d 734) (1984). It is clear from the record that Cornelius received a trial notice for February 13 and that he was aware of, but ignored, the February 25 court date. Because Cornelius had received a trial notice the situation differs from that in *Whipper v. Kirk*, 156 Ga. App. 218 (2) (274 SE2d 662) (1980), since here Cornelius was chargeable with notice that this dispossessory case was ripe for trial.

---

[1] The issue of Cornelius' right to a jury trial in this case is not before us. See *Hill v. Levenson*, 259 Ga. 395 (383 SE2d 110) (1989).

*Grindle*, supra. Therefore, in light of the notice Cornelius received and his failure to appear or to offer any legal excuse for his absence, we find no error in the trial court's actions.

2. In his second enumeration, Cornelius claims that the court erred by failing to grant his motion to transfer on February 13 since his counterclaim involved matters of equity and all the facts necessary for a determination were before the court that date. This enumeration is without merit since on the date of the hearing, the reason for the transfer was unclear. The trial court allowed Cornelius to amend his counterclaim and we find no error. See generally OCGA §§ 23-1-1; 23-1-3; *Cantrell v. Henry County*, 250 Ga. 822 (301 SE2d 870) (1983).

3. In his third enumeration of error, Cornelius claims that the court erred by requiring the payment of rent into the court in light of the pending Motion to Transfer. This enumeration is without merit. See OCGA § 44-7-54 (a).

4. In his fourth enumeration, Cornelius claims that the judgment is void because the judges who heard the case were appointed under OCGA § 15-1-9.1, which he claims has been abused by the county. Challenges similar to those which Cornelius raises were rejected in *Dominguez v. Enterprise Leasing Co.*, 197 Ga. App. 664 (399 SE2d 269) (1990) and *Hornsby v. Odum*, 198 Ga. App. 472 (402 SE2d 56) (1991). We find no abuse of the statute here and therefore the judgment is not void.

Although we find no error in the proceedings below, Finley's motion for damages for a frivolous appeal is denied.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 18, 1991 —
RECONSIDERATION DENIED DECEMBER 5, 1991 — ■

James Cornelius, *pro se.*
Rich, Bass, Kidd & Witcher, Merck K. Smith, for appellee.