## A92A0274. CORNELIUS v. FINLEY.
(418 SE2d 815)

ANDREWS, Judge.

This is the second appearance of this landlord/tenant dispute before this court. The first appearance of this case was *Cornelius v. Finley,* 202 Ga. App. 192 (413 SE2d 491) (1991), in which we affirmed the judgment of $9,100.41 plus court costs in favor of Finley.

This appeal arose after Finley filed a motion for a supersedeas bond, which was granted. No bond was filed and on April 24, 1991, Finley filed post-judgment interrogatories. Cornelius filed no answer to the discovery, but filed a motion for a protective order on June 3, 1991. The trial court denied this motion on June 24, 1991. On August 7, 1991, Finley filed a motion for a citation for contempt against Cor-

nelius, seeking responses to the interrogatories. On August 29, 1991, the trial court entered an order stating that defendant Cornelius had failed to appear for the hearing of the contempt motion and ordering Cornelius to respond to the post-judgment interrogatories within ten days. From this order Cornelius filed a notice of appeal on September 12, 1991 seeking to appeal, among other issues, the decision regarding his interrogatory responses.

At the outset, it is necessary to ascertain whether this case is properly before this court. Pretermitting the issue of whether the fact that the judgment was for less than $10,000 and pretermitting the issue of whether the trial court had jurisdiction to enter the order, we find that the appeal must be dismissed since the direct appeal of this order was improper.

Orders regarding interrogatories which are promulgated during the pendency of a lawsuit generally are not directly appealable; in order to appeal these orders the application procedures outlined in OCGA § 5-6-34 (b) must be followed. *Louisville & Nashville R. Co. v. Clark*, 114 Ga. App. 755 (152 SE2d 694) (1966); *American Express Co. v. Yondorf*, 169 Ga. App. 498 (313 SE2d 756) (1984).

In the context of orders under OCGA § 9-11-37 regarding post-judgment discovery pursuant to OCGA § 9-11-69, the law is less clear and we are unable to find any cases which directly address the procedure for appealing these orders. In *Barton v. Anthony*, 194 Ga. App. 500 (391 SE2d 25) (1990), this court noted "[t]here appears to be a conflict in the decisions of this court regarding whether post-judgment discovery orders are directly appealable pursuant to OCGA § 5-6-34. See *Custom Form Mfg. Co. v. Miller*, 157 Ga. App. 410 (278 SE2d 69) (1981); *Petty v. Chrysler Credit Corp.*, 169 Ga. App. 418 (312 SE2d 874) (1984); *Miller v. U. S. Shelter Corp.*, 179 Ga. App. 469 (347 SE2d 251) (1986)." See also *Chambers v. McDonald,* 161 Ga. App. 380 (288 SE2d 641) (1982).

OCGA § 5-6-34 (a) outlines the judgments and rulings from which an appeal may be directly taken and OCGA § 5-6-34 (b) outlines the procedure for matters which are not otherwise subject to direct appeal. We do not read any provision under OCGA § 5-6-34 (a) as authorizing a direct appeal in the instant situation. The order Cornelius seeks to appeal is not directly appealable, because it is not *final* in the sense of being dispositive of the case, as contemplated by OCGA § 5-6-34 (a) (1). The trial court did not find Cornelius in contempt of court, as requested by Finley's motion, see, e.g., *Ostroff v. Coyner,* 187 Ga. App. 109 (6) (369 SE2d 298) (1988); *Payne v. Presley,* 169 Ga. App. 36, 37 (311 SE2d 849) (1983), but simply ordered him to respond to the discovery within ten days. Depending on Cornelius' response to the finite period mandated in the order, the order may, or may not, be the last order entered in the case. Compare *Mil-*

*lholland v. Oglesby,* 223 Ga. 230 (154 SE2d 194) (1967). From the record before us, it appears that the disputed discovery remains unanswered, and therefore, matters remain pending in the case. The mere fact of the order's chronological placement in the case does not convert it into one which may be appealed directly. Compare *Robinson v. Robinson,* 174 Ga. App. 656 (331 SE2d 8) (1985). Because the trial court's order is not final, it is therefore appealable only by compliance with OCGA § 5-6-34 (b).

Cornelius appears to argue that the enumerations he sets forth in this appeal should be consolidated with his previous appeal. OCGA § 5-6-34 (d) states that where an appeal is taken, "all judgments, rulings, or orders rendered in the case which are *raised on appeal* and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere." (Emphasis supplied.) The most obvious reason to reject Cornelius' argument to consolidate is that the matters enumerated as error in this appeal were set forth months after the errors enumerated in *Cornelius,* 202 Ga. App. 192, supra, and were not raised in any manner in that appeal. In fact, our decision in *Cornelius,* supra, was decided one month before Cornelius filed his enumerations of error in this case. Cornelius' contention that this appeal should be combined with his earlier one is erroneous.

*Appeal dismissed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MAY 20, 1992.

James Cornelius, *pro se.*
*Rich, Bass, Kidd & Witcher, Merck K. Smith,* for appellee.