A91A0995. HERITAGE INSURANCE COMPANY OF AMERICA
v. EVANS.
(421 SE2d 534)

ANDREWS, Judge.

Zack Stamp, Director of Insurance for Illinois, appeals the grant of Marvin M. Black Company's motion for reconsideration of the grant of Stamp's motion for new trial.

Black was the general contractor on the State of Georgia's Correctional Training Facility. As such, it was also obligee under performance and payment bonds issued by Heritage Insurance Company, domiciled in Illinois, and posted by ICC, the insulation subcontractor on the project. The face amount of each bond was $210,000. In August of 1985, ICC abandoned the project which was then taken over and completed by Black. In doing so, Black incurred over $299,000 in direct costs and additional indirect costs resulting in a total claim of $705,200. In February 1986, Heritage Insurance Company was declared insolvent by Illinois and Warren Evans, Commissioner of Insurance for Georgia, was appointed ancillary receiver because there were substantial assets located in Georgia, as provided in OCGA § 33-37-43 (a).[1]

Pursuant to OCGA § 33-37-45, on February 25, 1987, Black filed its claim with the receiver, seeking the full face amount recovery on each of the bonds. There was only one supplier/subcontractor left unpaid by ICC, in the amount of $18,902.

The payment bond provided that "the condition of this obliga-

---

[1] Pursuant to OCGA § 33-37-7, since these proceedings were conducted prior to the effective date of the 1991 amendment revising this chapter, the substantive provisions of the pre-1991 statutes apply, although, pursuant to the order of the Supreme Court transferring the case back to this court after our transfer to it under former OCGA § 33-37-3 (e), the appellate provisions of that act are no longer in effect after July 1, 1991 and this court has jurisdiction of the appeal.

tion is such, that if [ICC] shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said Subcontract and any and all modifications . . . that may hereafter be made, then this obligation shall be null and void; otherwise it shall remain in full force and effect. . . . [ICC] and [Heritage] agree that this Bond shall inure to the benefit of all persons supplying labor and material in the prosecution of the work provided for in said Subcontract, as well as to the Obligee. . . ."

The final report of the Georgia ancillary receiver was filed with the court on March 22, 1989, and allowed recovery of $210,000 by Black, concluding that amount was the "limit of bond." Black, while not contesting the award of $210,000, did object to the conclusion that this was the limit of the bond and argued that it was entitled to a total recovery under the two bonds of $420,000. By order of June 8, 1989, the court ordered the report filed and the notice required by OCGA § 33-37-45 (b) to be made, including notice to Stamp, the domiciliary state receiver. As stated in OCGA § 33-37-45 (b), "[i]f the domiciliary receiver within 30 days after the giving of such notice, shall give notice in writing to the ancillary receiver and to the claimant, either by registered or certified mail or by personal service, of his intention to contest such claim, he shall be entitled to appear or to be represented in any proceeding in this state involving the adjudication of the claim. The final allowance of the claim by the courts of this state shall be accepted as conclusive as to its amount and shall also be accepted as conclusive as to its priority, if any, against special deposits or other security located within this state." No such notice to contest was filed by Stamp. The court's order also stated that "[p]ersons failing to appear for said hearing [July 10, 1989] shall be deemed to have waived any objections to the Final Report of the Ancillary Receiver and *any action taken pursuant thereto.*"

On July 3, 1989, Black filed its objection to the final report and an amendment thereto was filed on December 11, 1989. Before the court below, claimant Black and the State of Georgia Insurance Commissioner stipulated that two bonds had issued, one a payment bond and one a performance bond; that Black expended $143,204 on labor and $51,891 for materials to complete ICC's subcontract work; that Black paid a supplier to ICC $18,902; and that, in addition to these costs, Black had incurred in excess of $210,000 because of ICC's "failure *to well and truly perform*" its subcontract. In addition, the court's order reflects that evidence was taken at the hearing, although no record was made of the proceedings.

The court concluded in its order of January 3, 1990[2] that the two

---

[2] There is also a final order dated and filed December 22, 1989 in the record which

bonds provided a total available coverage of $420,000 and sustained the objections of Black to the receiver's report.

On January 18, 1990, Stamp, the Illinois domiciliary receiver, made his first appearance in the Georgia proceedings by filing a motion for new trial, raising for the first time in the Georgia proceedings the claim that the United States had a priority claim on the assets. It was also contended that its interest had not been adequately protected by the Georgia Attorney General. There was present and participating at the proceedings an employee/representative of the Illinois receiver, although no formal appearance had been made in the Georgia proceedings prior to this.

Because Judge Clarence Cooper, sitting at the initial hearing, was appointed to this court in the interim, a second judge considered the motion for new trial, although there was no record of the oral proceedings for his review. The motion was granted on August 13, 1990. On September 7, 1990, Black filed its motion for reconsideration which was heard by a third judge, appointed to fill Judge Cooper's unexpired term. On October 29, 1990, that court granted the motion for reconsideration and denied the motion for new trial, thereby reinstating the original court order. This appeal by Stamp followed.

Although not raised by either party, it is incumbent upon this court to consider our jurisdiction. *Gale v. Hayes Microcomputer Prods.*, 192 Ga. App. 30, 31 (3) (383 SE2d 590) (1989).

Here, the court's order on Black's objections was filed on January 3, 1990. Because these proceedings were pursuant to the Uniform Insurers Liquidation Act, as set out above, Black was required to notify Stamp, the domiciliary receiver, that Black desired to file and prove his claim in this state, setting out a concise statement of the claim, pursuant to OCGA § 33-37-45 (b). Although provided the notice required by the statute and the court's order of June 8, 1989, no appearance was made by Stamp in the Georgia proceeding. Having filed no objections to the final report prior to the motion for new trial, the domiciliary receiver had failed to comply with the "bar order" and was thereby precluded from making later objections. *Fibertex, Inc. v. Caldwell*, 236 Ga. 136, 137 (223 SE2d 111) (1976); *Preferred Ins. Co. v. Bentley*, 225 Ga. 160, 163 (2) (166 SE2d 340) (1969).

Further, having not elected to become a participant in the Georgia proceedings, instead allowing Heritage Insurance Company, the company being liquidated, to appear and contest Black's claim, Stamp was not a "party entitled" to file a motion for new trial. OCGA § 5-6-36 (a). Stamp, therefore, has no standing to appeal and this

---

reaches the same result. We will treat the later filed order of January 3, 1990 (dated December 19, 1989), however, as the controlling one for purposes of our consideration.

court has no jurisdiction over Stamp's claims. Cf. *Salter v. Heys*, 207 Ga. 591, 593 (1) (63 SE2d 376) (1951); *In re Thomas County Comm.*, 152 Ga. App. 332, 335 (2) (262 SE2d 604) (1979).[3]

Therefore, this court is without jurisdiction to consider this matter and it must be dismissed.

*Appeal dismissed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JUNE 4, 1992 —
RECONSIDERATION DENIED JULY 23, 1992.

*Alston & Bird, Robert D. McCallum, Jr., James C. Grant,* for appellant.

*Michael J. Bowers, Attorney General, Thomas A. Cox, Jr., Assistant Attorney General, Griffin, Cochrane, Marshall & Elger, Terrence Lee Croft,* for appellee.

---

[3] Further, the issues sought to be raised in the motion for new trial were not appropriate for such a motion. See *Smith v. Wood*, 189 Ga. 695 (2) (7 SE2d 255) (1940); *Reid v. Reid*, 201 Ga. App. 530, 531 (1) (411 SE2d 754) (1991); *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568 (1) (305 SE2d 6) (1983).