A94A2249. DIAL v. BENT TREE NATIONAL BANK.
(451 SE2d 533)

SMITH, Judge.

Bent Tree National Bank obtained a judgment in the State of Texas against Thomas O'Connell, the father of appellant Pattilyn Dial. Believing that O'Connell had concealed assets by transfer to his daughter, Bent Tree obtained a commission to take Dial's deposition and served her with a subpoena duces tecum in Fulton County, Georgia. At the deposition, Dial refused to answer any questions on the grounds of Fifth Amendment privilege, other than giving her name and address. Bent Tree's counsel recessed the deposition and moved to compel Dial's testimony.

The trial court ordered Dial to appear at a rescheduled deposition and give full and complete answers to specific questions enumerated in the order. The order stated that failure on Dial's part to answer the enumerated questions would constitute contempt of court, and imposed sanctions in connection with the motion to compel. Dial filed a notice of appeal from that order, but did not obtain a certificate of immediate review or file an application for interlocutory

appeal.

This case is controlled by *Cornelius v. Finley*, 204 Ga. App. 299 (418 SE2d 815) (1992), which also involved post-judgment discovery. Cornelius refused to answer post-judgment interrogatories, the trial court ordered a response within ten days, and Cornelius filed a notice of appeal from that order. This court applied to post-judgment discovery the general rule that orders regarding discovery during the pendency of litigation must be appealed under the application procedures outlined in OCGA § 5-6-34 (b). 204 Ga. App. at 300-301. This is true regardless of the imposition of sanctions below. *American Express Co. v. Yondorf*, 169 Ga. App. 498 (313 SE2d 756) (1984).

Dial is likewise bound by the interlocutory appeal procedures of OCGA § 5-6-34 (b). As in *Cornelius*, the trial court did not find Dial in contempt and simply ordered her to respond to discovery. This is not a final order for purposes of OCGA § 5-6-34 (a). Depending on Dial's response, "the order may, or may not, be the last order entered in the case. . . . From the record before us, it appears that the disputed discovery remains unanswered, and therefore, matters remain pending in the case." 204 Ga. App. at 300-301. This appeal must be dismissed.

*Appeal dismissed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 13, 1994.

*Garland, Samuel & Loeb, Edward T. M. Garland, Patrick J. Geheren,* for appellant.

*Branch, Pike & Ganz, Barry G. Roberts, James H. Rollins, Michael S. Welsh,* for appellee.