## A96A1198. SIPPLE et al. v. ATWOOD et al.
### (478 SE2d 473)

ANDREWS, Judge.

Sipple and Gibson, plaintiffs below, appeal from the trial court's denial of their motion to compel responses to post-judgment discovery requests. The motion was denied based on Atwood's assertion of his Fifth Amendment right against self-incrimination.

This case previously appeared here and the facts of the underlying dispute are set out in *Atwood v. Sipple*, 182 Ga. App. 831 (357 SE2d 273) (1987). After entry of judgment in their favor, plaintiffs filed 29 interrogatories and a request for production of documents containing 11 categories of documents to be produced. In response, Atwood contended that any answer or production would incriminate him[1] with regard to seventeen of the twenty-nine interrogatories and eight of the eleven requests for production. By order of December 27, 1994, the trial court initially granted plaintiffs' motion to compel. After reconsideration of that order, however, the court determined that, while the discovery requests were innocent on their face, the court would conduct an in camera hearing and require Atwood to show a real danger of incrimination from each request. After that hearing, the court entered the order here appealed, finding that Atwood's proffered evidence established that a real danger of incrimination existed and he could not be compelled to respond.

Although not raised by either party, it is incumbent upon this Court to consider our jurisdiction of this matter. *Heritage Ins. Co. &c. v. Evans*, 205 Ga. App. 98, 100 (421 SE2d 534) (1992); *Wieland v. Wieland*, 202 Ga. App. 222 (414 SE2d 247) (1991).

The notice of appeal states that it is from a "judgment of the Superior Court of Chatham County . . . entered in the Clerk's Office on December 1, 1995, which judgment denied the Plaintiffs' Motion to Compel. . . ." The judgment in this case, however, was entered on June 17, 1986, and was affirmed in *Atwood*, supra. The order entered December 4, 1995 (dated December 1, 1995) denied plaintiffs' motion

---

[1] Atwood asserted his rights under both the Georgia Constitution, Art. I, Sec. I, Par. XVI, and the United States Constitution, Amendment V.

to compel and is not one of those listed in OCGA § 5-6-34 (a) (1) – (8) and thereby subject to direct appeal. Nor has a certificate of immediate review been entered pursuant to OCGA § 5-6-34 (b).

In *Cornelius v. Finley*, 204 Ga. App. 299 (418 SE2d 815) (1992), "[t]his court applied to post-judgment discovery the general rule that orders regarding discovery during the pendency of litigation must be appealed under the application procedures outlined in OCGA § 5-6-34 (b). [Id.] at 300-301." *Dial v. Bent Tree Nat. Bank*, 215 Ga. App. 620, 621 (451 SE2d 533) (1994).

Here, there has not been an end to the post-judgment discovery process, only a finding that answers and responses to those 29 interrogatories and requests to produce could not be compelled.

This Court is without jurisdiction to consider this appeal.

*Appeal dismissed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 25, 1996.

*Bouhan, Williams & Levy, Walter C. Hartridge, Timothy H. Edwards*, for appellants.

*Inglesby, Falligant, Horne, Courington & Nash, Kathleen Horne, Amy L. Copeland*, for appellees.