# Court of Appeals
# of the State of Georgia

ATLANTA,    June 29, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1911, A12A1912.  MAJOR FORTSON v. RENDER C. FREEMAN, et al.**

In *Fortson v. Freeman*, 313 Ga. App. 326 (721 SE2d 607) (2011), this Court affirmed the dismissal of Major Fortson's action for legal malpractice for failure to file an expert affidavit pursuant to OCGA § 9-11-9.1 (a).[1]   This Court noted in its opinion that the case was the sixth appeal filed by Fortson before the Court, arising out of an underlying real estate dispute.  Defendants filed a motion for bill of peace and fees, pursuant to OCGA § 23-3-110, which the trial court granted.  Fortson filed a notice of appeal therefrom, which was docketed as Case No.  A12A1523, and we transferred the case to the Supreme Court on April 18, 2012, as it involved issues of equity jurisdiction.

In the interim, defendants' counsel sought post-judgment discovery from Fortson.  On March 16, 2012, the trial court entered an order granting defendants' motion to compel plaintiff's deposition and motion for sanctions, pursuant to OCGA § 9-11-37.  In Case No. A12A1911, Major Fortson appeals that order.  From the record before us, however, it appears that the disputed discovery remains incomplete and that matters remain pending in the case.  Accordingly, the trial court's order is not final and may be appealed only by compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). *Cornelius v. Finley*, 204 Ga. App. 299, 300-01 (418 SE2d 815) (1992);  *Sipple v. Atwood*, 223 Ga. App. 677, 677-678 (478 SE2d 473) (1996); and see *Esasky v. Forrest*, 231 Ga. App. 488, 489 (499 SE2d 413)

---

[1] Fortson has filed a petition for certiorari, which is currently pending in the Supreme Court.

(1998) (application for interlocutory appeal from the trial court's order granting post-judgment motion to compel discovery). Fortson's failure to comply with the requisite interlocutory review procedures deprives this Court of jurisdiction to consider this appeal, which is accordingly DISMISSED. OCGA § 5-6-48 (b) (2).

In Case No. A12A1912, it appears that Fortson seeks to appeal the trial court's order of June 27, 2011, in which it denied his motion for default and motion to reconsider, and granted attorney fees, pursuant to OCGA § 9-15-14.[2] OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days of entry of the order on appeal. The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Fortson's failure to file a timely notice of appeal deprives us of jurisdiction to consider this appeal. We note, too, that to the extent the order awarded fees pursuant to OCGA § 9-15-14, such awards must be appealed by application for discretionary appeal. See OCGA § 5-6-35 (a) (10); *Jones v. Padgett*, 186 Ga. App. 362, 363 (2) (367 SE2d 88) (1988). Accordingly, for this reason as well, Fortson's appeal in Case No. A12A1912 is also hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, 06/29/2012

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.

---

[2] Fortson did not include the order from which he appeals in the record.