# Court of Appeals
# of the State of Georgia

ATLANTA,   February 17, 2015

*The Court of Appeals hereby passes the following order:*

**A15A0986.    MARIAN CROSKEY v. M WEST HOMEOWNERS ASSOCIATION.**

M West Homeowners Association filed a complaint for judicial foreclosure against Marian Croskey. Croskey sought, and received, an extension of time in which to answer the complaint. She then sought a second extension. The trial court entered an order denying her request and finding that she was in default pursuant to OCGA § 9-11-55. Croskey has appealed the trial court's order directly to this Court. We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). Here, the trial court's order declared Croskey to be in default, but did not enter judgment against her. "The law distinguishes between a default, which involves an interlocutory matter, and a default judgment, which represents final judicial action and the vesting of rights." *Attridge v. Maines*, 174 Ga. App. 472, 473 (330 SE2d 409) (1985). Because no final judgment has been entered below, Croskey was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) in order to obtain appellate review of the trial court's order. Id.; see also *Simons v. Equitec Properties Co.*, 190 Ga. App. 804 (380 SE2d 90) (1989). We are without jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____02/17/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ , *Clerk.*