# Court of Appeals
# of the State of Georgia

ATLANTA,___May 02, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16A1457. PRESTON ELLIOTT d/b/a THE ELLIOTT GROUP v. FLORENCE SMITH.

Florence Smith filed this action alleging that Preston Elliott d/b/a The Elliott Group and a number of other defendants failed to maintain safe conditions at a concert venue. Elliott failed to answer and default judgment was entered against him in 2009. In 2015, Elliott filed a motion to correct misnomer or, in the alternative, to enforce settlement. In addition, Smith had a pending post-judgment motion to compel discovery. In a single order, the trial court denied Elliott's motion and granted Smith's motion, and Elliott filed this direct appeal. We lack jurisdiction.

First, the court's order indicates that the disputed discovery remains unanswered and that matters remain pending in the case. Accordingly, the trial court's order is not considered final and may be appealed only by compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). *Cornelius v. Finley*, 204 Ga. App. 299, 300-301 (418 SE2d 815) (1992) (because post-judgment discovery remained in dispute, the trial court's order on that issue was subject to interlocutory application requirements even though it was issued after the final judgment on the merits of the case); see also *Sipple v. Atwood*, 223 Ga. App. 677, 677-678 (478 SE2d 473) (1996).

In addition, "pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature." See *Dept. of Transp. v. Camvic Corp.,* 284 Ga. App. 321, 323 (2) (a), (644 SE2d 171) (2007). It appears from the record before us that Elliott's motion to correct misnomer or, in the alternative, to enforce settlement is essentially a motion to set aside the 2009 default

judgment against Elliott in accordance with OCGA § 9-11-60 (d). An appeal from an order denying a motion to set aside a default under OCGA § 9-11-60 (d) must be taken by application for discretionary review, see OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006), or by application for interlocutory review, see OCGA § 5-6-34 (b); *Attridge v. Maines*, 174 Ga. App. 472 (330 SE2d 409) (1985). If Elliott's motion is considered a motion for reconsideration, this appeal is untimely because a motion for reconsideration is not one of the enumerated pleadings which operate to extend the thirty-day period for the filing of a notice of appeal. See OCGA § 5-6-38 (a).

Elliott's failure to comply with the requisite appellate procedure deprives this Court of jurisdiction over his appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/02/2016
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*