# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0280.  SPARKLES OF GWINNETT, INC. v. TENITA HENDRIX et al.**

Eleven months after a default judgment was entered in this civil action against defendant Sparkles of Gwinnett, Inc., Sparkles filed an OCGA § 9-11-60 (d) motion to set aside the judgment.  The trial court denied Sparkles's motion, and Sparkles filed this application for discretionary review.  We lack jurisdiction.

In its denial order, the trial court noted that the plaintiff's motion to compel and for sanctions remained pending before that court.  Consequently, the order Sparkles seeks to appeal is a non-final order that did not resolve all issues in the case.  See *Avco Lycoming v. Newton Aero, Inc.*, 146 Ga. App. 609, 610 (247 SE2d 135) (1978); accord *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 774-775 (1) (556 SE2d 468) (2001) (an order denying a motion to set aside a default judgment is not final where the case remains pending against other defendants); *Cornelius v. Finley*, 204 Ga. App. 299, 300-301 (418 SE2d 815) (1992) (an order compelling post-judgment discovery "is not *final* in the sense of being dispositive of the case, as contemplated by OCGA § 5-6-34 (a) (1)," where disputed discovery remains unanswered).  Sparkles therefore was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b).  See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).  Where, as here, both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial

court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1); see also OCGA § 5-6-35 (a) (8) (an appeal from an order denying a motion to set aside under § 9-11-60 (d) must be initiated by filing an application for discretionary review).

Sparkles's failure to follow the proper appellate procedures deprives us of jurisdiction over this premature application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   02/14/2018          *
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*