# Court of Appeals
# of the State of Georgia

ATLANTA,  September 16, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0727. POTTS v. CLOWDIS.

In this civil action, defendant James Potts II filed this pro se direct appeal from the trial court's November 3, 2020 order appointing a special master to oversee all post-trial matters, including post-judgment discovery disputes. This Court lacks jurisdiction over the appeal.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, the trial court's November 3 order is not a final order, as the case remains pending in the trial court.[1] Consequently, Potts was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the

---

[1] Cf. *Cornelius v. Finley*, 204 Ga. App. 299, 300-301 (418 SE2d 815) (1992) (an order compelling post-judgment discovery "is not *final* in the sense of being dispositive of the case, as contemplated by OCGA § 5-6-34 (a) (1)," if disputed discovery remains unanswered) (emphasis in original).

trial court – to seek appellate review of the November 3 order.[2] His failure to do so deprives this Court of jurisdiction over the appeal.[3]

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, ___09/16/2021___*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*____, Clerk.* Stephen E. Castlen

---

[2] See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989). Potts's assertion in his notice of appeal that the November 3 order is directly appealable under OCGA § 5-6-34 (a) (3) – as an order appointing an auditor – is misplaced. Although the order notes that the post-judgment discovery issues in this case potentially may require an accounting or auditing of Potts's records, the order on its face neither appoints an auditor nor directs that an accounting be had, but rather notes that the special master may later seek the court's authority to employ accountants or auditors.

[3] See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). We note that this Court recently reversed the underlying judgment in *Potts v. Clowdis*, ___ Ga. App. ___ (859 SE2d 875) (2021), which may render the instant appeal moot. Nevertheless, we lack jurisdiction over this appeal.