# Court of Appeals
# of the State of Georgia

ATLANTA,  November 21, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0573.  DAVID NEZBEDA v. NATHAN Q. WALLACE.

In 2019, David Nezbeda filed this renewal action against Nathan Q. Wallace. In May 2022, Wallace filed a motion to compel discovery and for sanctions. On June 23, 2022, the trial court granted the motion to compel and ordered Nezbeda to respond to discovery. The trial court further awarded $1,350 in attorney fees to Wallace pursuant to OCGA § 9-11-37 (a) (4) (A), but permitted Nezbeda 15 days to request a hearing on fees. More than 15 days later, on July 12, 2022, Nezbeda filed a request for a fee hearing. The trial court denied the request, finding it to be untimely, and again ordered Nezbeda to pay the fees within 30 days. Nezbeda filed this direct appeal from the trial court's order denying his motion for a hearing. We lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see OCGA § 5-6-34 (a) (providing for appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"). Orders imposed pursuant to OCGA § 9-11-37 based on a party's failure to comply with discovery generally are "not final in the sense of being dispositive of the case, as contemplated by OCGA § 5-6-34 (a) (1)." *Cornelius v. Finley*, 204 Ga. App. 299, 300 (418 SE2d 815) (1992); see *Eidson v. Croutch*, 337 Ga. App. 542, 545, (788 SE2d 129) (2016) (holding that an attorney fee order issued prior to final judgment was not directly appealable). Because the case remains pending below, Nezbeda was required to comply with the interlocutory

appeal procedure and obtain a certificate of immediate review. OCGA § 5-6-34 (b). His failure to do so deprives us of jurisdiction of this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,___11/21/2022_____

  I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

  Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.