# Court of Appeals
# of the State of Georgia

ATLANTA,  March 07, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1218. JUAN RAMIREZ et al. v. JIONEL E. PIERRE AS ASSIGNEE OF CADENAS VENTURES, LLC.

In this breach of contract action, Jionel E. Pierre received a default judgment against Juan Ramirez and Big Sky Remodel and Construction, LLC (the "Defendants"). The Defendants subsequently filed a motion to set aside, and Pierre filed motions for post-judgment discovery. The trial court denied the motion to set aside and granted Pierre's motion to compel discovery. The Defendants then filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Where post-judgment discovery proceedings remain pending in the trial court, the case is not final. *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 412 (1) (785 SE2d 72) (2016); *Cornelius v. Finley*, 204 Ga. App. 299, 300-301 (418 SE2d 815) (1992) (an order compelling post-judgment discovery "is not final in the sense of being dispositive of the case, as contemplated by OCGA § 5-6-34 (a) (1)," where disputed discovery remains unanswered) (emphasis omitted). Consequently, the Defendants were required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to seek appellate review of the court's order. See OCGA § 5-6-34 (b); *Cornelius*, 204 Ga. App. at 301. Their failure to do so deprives us of jurisdiction over this direct appeal. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

Additionally, even if the appeal were not interlocutory, an appeal from an order

denying a motion to set aside under OCGA § 9-11-60 (d) requires the filing of an application for discretionary appeal. See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  03/07/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*