## A93A1991. ABE ENGINEERING, INC. v. GRIFFIN, COCHRAN & MARSHALL.
### (443 SE2d 1)

COOPER, Judge.

Plaintiff corporation, appearing pro se through its president, brought this legal malpractice action against defendant attorneys arising from their representation of appellant in a civil matter. Defendant denied the material allegations of the complaint and raised the defense that plaintiff failed to file an expert affidavit as required by OCGA § 9-11-9.1 (a). Defendant subsequently moved to dismiss the complaint for failure to state a claim under OCGA §§ 9-11-9.1 (e) and 9-11-12 (b) (6). The trial court granted the motion and dismissed the complaint with prejudice. Plaintiff appeals.

Plaintiff argues the trial court erred in dismissing the complaint with prejudice. A complaint alleging professional malpractice must include an expert affidavit setting forth at least one negligent act or omission and the factual basis for each such claim. OCGA § 9-11-9.1 (a). "A complaint is subject to dismissal for failure to state a claim when the plaintiff fails to file an expert affidavit as required. OCGA § 9-11-9.1 (e). A dismissal for failure to state a claim is a dismissal on the merits. [Cit.]" *Lutz v. Foran*, 262 Ga. 819, 824 (4) (427 SE2d 248) (1993). In the instant case, plaintiff's complaint set forth a cause of action for legal malpractice; however, it failed to file an expert affidavit with the complaint and, as such, its complaint was subject to dismissal for failure to state a claim. Since such a dismissal is a dismissal on the merits, the trial court properly dismissed the complaint with prejudice. See *Lutz*, supra at 824 (4); see also *Howard v. Jonah*, 208 Ga. App. 542 (1) (430 SE2d 833) (1993) (upholding dismissal under OCGA 9-11-9.1 with prejudice).

We also reject plaintiff's contention that he should be excused from complying with the affidavit requirement because of his pro se status. See *Kalustian v. McDonald*, 194 Ga. App. 435 (390 SE2d 657) (1990); *Frazier v. Merritt*, 190 Ga. App. 832 (380 SE2d 495) (1989). Accordingly, the trial court did not err in dismissing the complaint with prejudice.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED JANUARY 19, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994 —

Dhiru V. Parekh, *pro se.*
*Sullivan, Hall, Booth & Smith, Michael A. Pannier,* for appellee.