### A97A2188. MONTAG v. SUTHERLAND et al.
(498 SE2d 86)

RUFFIN, Judge.

Jeffrey B. Montag sued attorneys Marsha Sutherland, Darryl Cohen, the law firm where Sutherland and Cohen worked, Katz, Smith & Cohen, and other named partners in the firm (collectively "the defendants") for legal malpractice arising from Cohen's and Sutherland's representation of Montag in defense of a DUI charge in Gwinnett County. Montag subsequently dismissed the suit without prejudice, and the defendants moved for an award of attorney fees pursuant to OCGA § 9-15-14. Montag in turn filed his own motion for attorney fees under OCGA § 9-15-14. Without holding a hearing and making findings of fact, the trial court denied Montag's motion for attorney fees and granted the defendants' motion, awarding them $1,208 in fees. We reverse.

Montag enumerates as error the trial court's failure to hold a hearing prior to awarding the defendants attorney fees and in failing to include findings of conduct that supported the award. The defendants do not contest Montag's argument, stating that they "agree that the trial court should have conducted a hearing and should have entered findings of fact and conclusions of law on said motion." We agree with both parties, as it is clear that "since the trial court's order does not include findings of conduct which would authorize an award of attorney fees under OCGA § 9-15-14, the trial judge's order must be vacated. [Cits.]" *Hardwick-Morrison Co. v. Mayland*, 206 Ga. App. 426, 427 (425 SE2d 416) (1992). See also *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31) (1991).

Accordingly, we reverse and remand the case "with direction that the trial judge vacate the order, prepare appropriate findings of fact and enter a new judgment thereon, after which the losing party may appeal." *Mayland*, supra.

*Judgment reversed and remanded with direction. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 20, 1998.

*Ralph J. Villani*, for appellant.
*Hawkins & Parnell, Howell Hollis III*, for appellees.