A99A1123. MENDOZA et al. v. PENNINGTON et al.
(519 SE2d 715)

Judge Harold R. Banke.

Gregory and Hortencia Mendoza sued attorney John Pennington and his law firm for negligent performance of duties in connection with a bankruptcy petition filed by Pennington on behalf of their wholly owned corporation known as Mendoza Development Corporation. Because the Mendozas failed to attach an expert affidavit to their complaint under OCGA § 9-11-9.1, the court dismissed the action. On appeal, the Mendozas contend that since they alleged only simple negligence against the defendants, an expert affidavit was unnecessary. *Held*:

1. In any action for professional malpractice, OCGA § 9-11-9.1 (a) requires that the plaintiff file with the complaint an expert affidavit setting forth a negligent act or omission. Failure to do so results in a dismissal with prejudice. *ABE Engineering v. Griffin, Cochran &c.*, 212 Ga. App. 586 (443 SE2d 1) (1994). If the claim is not for professional malpractice but for simple negligence, then no affidavit is required, even though the action may be against a professional. *Creel v. Cotton States Mut. Ins. Co.*, 260 Ga. 499, 500 (397 SE2d 294) (1990).

Whether an action alleges professional malpractice or simple negligence depends on whether the professional's alleged negligence required the exercise of professional judgment and skill. *Lutz v. Foran*, 262 Ga. 819, 820 (2) (427 SE2d 248) (1993); *CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394, 396 (1) (469 SE2d 466) (1996). A professional negligence or malpractice action calls into question the conduct of the professional in his area of expertise. *Thompson v. Long*, 225 Ga. App. 719, 720 (3) (484 SE2d 666) (1997). Administrative, clerical, or routine acts demanding no special expertise fall in the realm of simple negligence. *Lutz*, 262 Ga. at 820 (2).

Attorneys performing legal services are performing professional services. *Crawford v. Johnson*, 227 Ga. App. 548, 551-552 (2) (a) (489 SE2d 552) (1997); *CenTrust*, 220 Ga. App. at 396 (1). An attorney representing a corporation in a bankruptcy proceeding is necessarily exercising professional or legal judgment, and a suit against him for actions or omissions as a legal representative in that legal proceeding is an action for professional malpractice. *Richmond Leasing Co. v. Cooper, Cooper, Maioriello &c.*, 207 Ga. App. 623 (1) (428 SE2d 603) (1993).

We have carefully reviewed the Mendozas' complaint to discern all allegations of negligence. All negligence alleged therein concerns Pennington's advice given and actions taken or not taken as a legal representative in the filing and pursuance of the bankruptcy petition on behalf of the debtor corporation. Tellingly, the Mendozas conclude

that these actions and omissions constituted a "failure to exercise legal judgment and failure to observe professional conduct and standards. . . ." The Mendozas are now hard put to describe these actions as simple negligence. Even if the attorney's professional negligence is clear and palpable, it is still professional negligence, and a plaintiff is accordingly required to file an expert affidavit with the complaint. *Richmond Leasing*, 207 Ga. App. at 623 (1); see *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 436 (1) (383 SE2d 867) (1989); *Collins v. Newman*, 237 Ga. App. 861, 862 (2) (517 SE2d 100) (1999).

The trial court did not err in dismissing the complaint for failure to comply with OCGA § 9-11-9.1.

2. In a second enumeration of error the Mendozas contend they were third-party beneficiaries of the attorney-client employment contract between Mendoza Development Corporation and the defendants and thus could maintain a malpractice action against the defendants. This contention is somewhat spurious, as the trial court based its order of dismissal on the failure to file the expert affidavit, not on a lack of standing.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 1999 —
RECONSIDERATION DENIED JULY 23, 1999

J. Gregory Mendoza, *pro se.*
Hortencia A. Mendoza, *pro se.*
*Troutman Sanders, Daniel S. Reinhardt*, for appellees.