## A99A2322. WATERS v. WATERS.
(530 SE2d 482)

RUFFIN, Judge.

We granted this discretionary appeal to determine whether the trial court erred in granting Joyce Childers Waters'[1] motion for attorney fees and expenses of litigation under OCGA § 9-15-14. As the trial court erred, we reverse.

The relevant facts follow. Jody Waters and Joyce Waters were divorced, and Jody obtained custody of their daughter. Under the terms of a 1992 custody order, Joyce was required to pay $30 per week in child support.

In September 1995, Jody filed a petition for modification of visitation and for contempt based upon Joyce's failure to pay child support. On October 20, 1995, the trial court entered a temporary order

---

[1] The appellee has since remarried and is now Joyce Jackson.

that stated, "Child support arrearages exist in this case. The issue of arrearages shall be determined by the Court at a later date if the parties cannot agree between themselves."

Apparently, the parties were unable to reach an agreement on the amount of child support arrearages. In March 1998, Jody, through attorney Dennis Helmreich, filed an action seeking to garnish Joyce's bank account. In her traverse, Joyce argued that the garnishment action violated the trial court's October 1995 temporary order. In an April 1998 order, the trial court dismissed the garnishment action, finding that the filing of the action "without first having an agreement or order of the court setting the amount of child support arrearage" violated its October 1995 order.

Shortly thereafter, Helmreich withdrew as Jody's attorney. On April 22, 1998, Jody's new attorney filed an amended action for contempt. Along with her May 6, 1998 response, Joyce filed a motion under OCGA § 9-15-14 requesting "that her attorney fees and expenses of litigation, including all 'returned check' charges, be paid by the plaintiff."

On November 23, 1998, Jody and Joyce Waters entered into a voluntary agreement resolving the child support and visitation issues. The agreement also stated:

> Each party understands and agrees that this agreement contains the entire agreement between the parties as to the issues raised in this case. It supersedes any prior understanding or agreement between the parties as to the issues raised in this case. There are no agreements, representations or warranties as to the issues raised in this case other than those set forth herein.

The agreement was signed by both parties and approved by the trial court.

In a letter dated April 27, 1999, Joyce, through her attorney, requested that the trial court rule on her May 1998 motion for attorney fees and expenses of litigation. Joyce submitted a proposed order seeking payment only from Helmreich, Jody's former attorney. The trial court signed the proposed order and ordered Helmreich to pay Joyce $1,498.40 in attorney fees and $367 in expenses for returned check charges.[2] Helmreich appeals this order.

Initially we must address the insufficiency of the order itself. The order contains no findings of conduct that would authorize an

---

[2] Because it is not necessary to do so, we have not addressed the propriety of including an award of expenses for returned check charges as part of an award of expenses under OCGA § 9-15-14.

award of attorney fees under OCGA § 9-15-14. In fact, the order does not even state what subsection of OCGA § 9-15-14 the award was based upon. Accordingly, at a bare minimum, we would reverse and remand the case for appropriate findings of fact and a new judgment that sets forth the exact basis for the award.[3]

But Helmreich argues that the order is also improper on other grounds. He contends that the trial court erred in granting Joyce's motion for attorney fees after she had voluntarily signed an agreement that resolved all issues raised in the case. We agree.

Where, as here, a party enters into an agreement that by its express language settles all issues raised in a case, that party may no longer maintain an action for attorney fees.[4] Such settlement includes "all claims under all the facts and circumstances of [the] case, which per se include[ ] any possible claim that might otherwise have been allowed under OCGA § 9-15-14 on the basis that [the underlying] suit lacked substantial justification."[5]

Joyce maintains that her claim for attorney fees against Helmreich is not barred because, when she signed the agreement, Helmreich no longer represented her ex-husband. She argues that because Helmreich did not sign the agreement, he was not a party thereto and he is still subject to an award of attorney fees.[6] We disagree.

Under either OCGA § 9-15-14 (a) or (b), attorney fees are to be awarded only when a party or his attorney has engaged in sanctionable conduct.[7] Here, Joyce based her claim for attorney fees on Helmreich's conduct in filing the garnishment action, which he did at the behest of his client. Thus, any claim Joyce may have against Helmreich is derivative of any claim she had against her ex-husband. By settling the case with her ex-husband without reserving the issue of attorney fees, Joyce necessarily settled any possible claim against Helmreich. Had Helmreich engaged in any conduct that warranted the assessment of attorney fees under OCGA § 9-15-14, it was incumbent upon Joyce to expressly reserve that issue in settling the case. Her failure to do so precludes her from resurrecting the issue now.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

---

[3] See *Montag v. Sutherland*, 230 Ga. App. 692 (498 SE2d 86) (1998).

[4] *Kluge v. Renn*, 226 Ga. App. 898, 899 (1) (487 SE2d 391) (1997); *Hunter v. Schroeder*, 186 Ga. App. 799, 800-801 (368 SE2d 561) (1988).

[5] (Punctuation and emphasis omitted.) Id.

[6] We note that no attorney signed the settlement agreement, which was signed only by the two litigants and the judge. Thus, under Joyce's reasoning, any attorney, former or current, could be assessed attorney fees under OCGA § 9-15-14 after the litigants themselves settled the case.

[7] *Harkleroad v. Stringer*, 231 Ga. App. 464, 472 (6) (499 SE2d 379) (1998).

DECIDED MARCH 2, 2000.

*Dennis P. Helmreich*, pro se.
*Barry L. Fitzpatrick*, for appellee.