A08A2262. HARDWICK v. FORTSON.
(675 SE2d 559)

SMITH, Presiding Judge.

In this discretionary appeal, Clifford Hardwick appeals from the trial court's order requiring him to pay attorney fees under OCGA § 9-15-14. He asserts the trial court erred because: (1) a settlement between the parties precluded the award; (2) the trial court lacked jurisdiction to award attorney fees against him; and (3) the facts did not support the trial court's award of attorney fees. We reverse because the settlement between the parties precluded the trial court's award.

The record shows that Hardwick represented Benico and Fanny Gonzales in a lawsuit brought against them by Major Fortson and others asserting claims for specific performance, breach of contract, unjust enrichment, injunctive relief, and attorney fees in connection with a real estate sales contract. After a five-day trial, the jury found against Hardwick's clients on the plaintiffs' claims for specific performance and attorney fees.

After entry of a final judgment, the plaintiffs moved for attorney fees and expenses of litigation under OCGA § 9-15-14. They sought fees incurred pursuing their claim for specific performance and requested that any order awarding fees under OCGA § 9-15-14 be against both the Gonzaleses *and* their attorney Hardwick. Although the trial court amended the final judgment to increase the amount of attorney fees awarded against the Gonzaleses, it never expressly ruled on the request that attorney fees also be awarded against Hardwick.

After the trial court amended the final judgment, the Gonzaleses appealed and then filed for bankruptcy. During the stay of the appeal, the parties asked that the appeal be dismissed as part of a settlement agreement in bankruptcy court. The settlement agreement provided that the plaintiffs would release all of their claims against the Gonzaleses and waive all of their claims against the Gonzaleses' bankruptcy estates and the bankruptcy trustee. It also provided that in exchange for this release, the bankruptcy trustee would "request dismissal of the appeal *and dismissal of all pending state court proceedings*." (Emphasis supplied.)

After the return of the remittitur to the trial court, the plaintiffs asked the trial court to rule on their request for an award of attorney fees under OCGA § 9-15-14 against Hardwick. After a hearing, the trial court granted the motion and ordered Hardwick to pay $52,044.90 in attorney fees and costs.

1. Hardwick contends the trial court's award was barred by the settlement between his clients and the plaintiffs. We agree. In *Waters v. Waters*, 242 Ga. App. 588 (530 SE2d 482) (2000), this court held that when parties settle all claims in a case, they must expressly reserve their right to bring an OCGA § 9-15-14 claim against an attorney involved in the case. Id. at 590. A failure to do so will preclude any later attempt to recover these fees. Id.

The language of the settlement agreement before us demonstrates that the parties contemplated that the settlement would resolve all issues in the case, including any that were still pending in the trial court. As a result, the trial court erred by awarding attorney fees against Hardwick. *Waters*, supra, 242 Ga. App. at 590.

2. Our holding in Division 1 of this opinion renders Hardwick's remaining enumerations of error moot.

3. Hardwick's motion for dismissal of the appellee's response and sanctions is hereby denied.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 17, 2009 — ■

*Clifford H. Hardwick*, for appellant.
*Anderson, Tate & Carr, Render C. Freeman*, for appellee.