## A09A0079. FORTSON v. HARDWICK.

(677 SE2d 784)

MIKELL, Judge.

This is the second appearance of these parties in this Court. In the first, *Hardwick v. Fortson*,[1] we granted Clifford Hardwick's discretionary appeal from an order requiring him to pay attorney fees under OCGA § 9-15-14. Because the settlement award between the parties precluded the trial court's award, we reversed the order.[2] While the appeal in the first case was pending, however, Major Fortson filed an action against Hardwick in the Fulton County Superior Court, alleging that Hardwick engaged in bad faith and that Fortson should be awarded attorney fees and damages for mental distress. The trial court granted Hardwick's motion for summary judgment. In this pro se appeal, Fortson appeals the trial court's order. We affirm based on the law of the case doctrine.

The underlying facts in this appeal are stated in *Hardwick*[3] as follows:

> The record shows that Hardwick represented Benico and Fanny Gonzales in a lawsuit brought against them by Major Fortson and others asserting claims for specific performance, breach of contract, unjust enrichment, injunctive relief, and attorney fees in connection with a real estate sales contract. After a five-day trial, the jury found against Hardwick's clients on the plaintiffs' claims for specific performance and attorney fees. After entry of a final judgment, the plaintiffs moved for attorney fees and expenses of litigation under OCGA § 9-15-14. They sought fees incurred pursuing their claim for specific performance and requested that any order awarding fees under OCGA § 9-15-14 be against both the Gonzaleses *and* their attorney Hardwick. Although the trial court amended the final judgment to increase the amount of attorney fees awarded against the Gonzaleses, it never expressly ruled on the request that attorney fees also be awarded against Hardwick. After the trial court amended the final judgment, the Gonzaleses appealed and then filed for bankruptcy. During the stay of the appeal, the parties asked that the appeal be dismissed as part of a settlement agreement in bankruptcy court. The settlement agreement provided that the plain-

---

[1] 296 Ga. App. 690 (675 SE2d 559) (2009).

[2] Id.

[3] Supra.

tiffs would release all of their claims against the Gonzaleses and waive all of their claims against the Gonzaleses' bankruptcy estates and the bankruptcy trustee. It also provided that in exchange for this release, the bankruptcy trustee would "request dismissal of the appeal *and dismissal of all pending state court proceedings*." (Emphasis supplied.) After the return of the remittitur to the trial court, the plaintiffs asked the trial court to rule on their request for an award of attorney fees under OCGA § 9-15-14 against Hardwick. After a hearing, the trial court granted the motion and ordered Hardwick to pay $52,044.90 in attorney fees and costs.[4]

We concluded that the trial court erred because the language of the settlement agreement demonstrated that the parties contemplated that the settlement resolved all issues in the case, including those pending in the trial court.[5]

In the action resulting in this appeal, Fortson sought an award of attorney fees and costs and damages for mental distress based upon Hardwick's bad faith in prolonging the litigation in the first case. In Hardwick's motion for summary judgment, he argued that res judicata and collateral estoppel barred Fortson's claims. Fortson did not respond to the motion. The trial court granted Hardwick's motion, and Fortson argues on appeal that the trial court erred.

1. Pursuant to OCGA § 9-11-60 (h), "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." Therefore, this case is controlled by our decision in *Hardwick*.[6] Therein, we reasoned as follows:

> In *Waters v. Waters*, 242 Ga. App. 588 (530 SE2d 482) (2000), this court held that when parties settle all claims in a case, they must expressly reserve their right to bring an OCGA § 9-15-14 claim against an attorney involved in the case. Id. at 590. A failure to do so will preclude any later attempt to recover these fees. Id. The language of the settlement agreement before us demonstrates that the parties contemplated that the settlement would resolve all issues in the case, including any that were still pending in

---

[4] Id.
[5] Id. at 691 (1).
[6] Supra.

the trial court. As a result, the trial court erred by awarding attorney fees against Hardwick. Id.[7]

A fortiori, Fortson's action for bad faith attorney fees is barred as we expressly ruled on this issue in the previous appeal. "It is axiomatic that the same issue cannot be relitigated ad infinitum."[8] We need not address Fortson's remaining enumerations of error.

2. Hardwick's motion for dismissal of Fortson's appeal and for sanctions is hereby denied.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 23, 2009 

Major Fortson, *pro se.*
*Clifford H. Hardwick*, pro se.

---

[7] Id.

[8] (Citation and punctuation omitted.) *Daiss v. Bennett*, 286 Ga. App. 108, 109 (1) (648 SE2d 462) (2007).