A09A0817. FORTSON v. HOTARD et al.
(684 SE2d 18)

DOYLE, Judge.

Major Fortson filed suit against Gabriel Hotard, Jr., and Caudell & Hotard, LLC (collectively "Hotard") alleging multiple claims. The trial court granted Hotard's motion to dismiss, and Fortson appeals pro se. We affirm for reasons that follow.

The following facts appear undisputed. Fortson agreed to purchase multiple properties from Bencio Gonzalez. After Gonzalez conveyed fourteen properties to Fortson, the two reached an impasse regarding conveyance of the remaining properties. Gonzalez then retained attorney Hotard to review the deal with Fortson. After an initial investigation, Hotard wrote a letter to Fortson on behalf of Gonzalez in November 2005, asserting that there was "no valid contract(s) requiring . . . Gonzalez to sell his remaining properties to [Fortson]," and that Gonzalez had "incurred significant damages as a result of [Fortson's] contorted and highly irregular scheme to obtain 100% financing on long-term mortgages." The letter also communicated a timed offer for the sale of the remaining properties. Sometime thereafter, Gonzalez terminated Hotard's representation. Fortson then filed suit and apparently obtained a judgment against Gonzalez. In March 2008, the trial court in that action ordered Gonzalez's attorney, Clifford Hardwick, to pay Fortson approximately $52,044 in attorney fees pursuant to OCGA § 9-15-14.

---

[9] See *Dingler*, supra; *Fain*, supra at 401 (1).

Fortson filed the instant pro se action against Hotard in July 2008 in a vague complaint in which he appears to assert claims for professional malpractice, fraud, and abusive litigation.[1] Hotard moved to dismiss Fortson's complaint, and the trial court granted the motion. On November 3, 2008, Fortson filed a motion to set aside and vacate and for reconsideration of the dismissal order, and before the trial court ruled thereon, he filed a notice of appeal on November 24, 2008.

1. At the outset, we note that Fortson's brief does not contain a single citation to the record, in violation of the rules of this court.[2] Court of Appeals Rule 25 (c) (2) (i) specifically provides that "[i]n the absence of [proper reference to the record], the Court will not search for or consider such enumeration. . . ." Furthermore, Fortson's brief does not comport with Court of Appeals Rule 25 (a) (1), as it does not "contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal," nor does it state "the method by which each enumeration of error was preserved for consideration" on appeal. Although Fortson is acting pro se, "that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this court."[3] Indeed, "[i]t is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record."[4] Thus, because Fortson has failed to support his enumerations by a single citation to the record, his appeal presents nothing for consideration.[5] "Nevertheless, because the record in this case is fairly small, and [Hotard has] provided sufficient citations to the record, we will address the merits of [Fortson's] appeal."[6]

2. Fortson argues that the trial court erred in granting Hotard's motion to dismiss, alleging generally (in a one-paragraph argument) that the trial court's dismissal of his complaint "violated [his] constitutional right" because it "prevented [him] from producing [evidence] to prove [his] complaint," citing OCGA §§ 51-1-1 and

---

[1] The trial court's order treated Fortson's complaint as alleging claims for professional negligence, fraud, and abusive litigation, and it dismissed the complaint in its entirety. Fortson does not contend on appeal that his complaint alleged any additional claims.

[2] See Court of Appeals Rule 25 (a) (1) (the appellant's brief "shall contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal and the citation of such parts of the record or transcript essential to a consideration of the errors complained of . . ."); Court of Appeals Rule 25 (c) (2) (i) ("[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript").

[3] *Simon v. City of Atlanta*, 287 Ga. App. 119, 120 (1) (650 SE2d 783) (2007).

[4] (Punctuation omitted.) *Cronin v. Homesales, Inc.*, 296 Ga. App. 293, 294 (674 SE2d 35) (2009).

[5] See *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 646 (3) (466 SE2d 236) (1995).

[6] *Paden v. Rudd*, 294 Ga. App. 603, 604 (1) (669 SE2d 548) (2008).

51-1-6. This argument is without merit.

> Our review of the trial court's ruling on the defendant's motion to dismiss is de novo. "Our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts."[7]

(a) *Professional Malpractice.* "In a legal malpractice action, the client has the burden of establishing three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff."[8] Here, Fortson did not employ Hotard, and thus, Fortson has failed to establish the first element of his claim for professional malpractice.

Furthermore, Fortson failed to comply with OCGA § 9-11-9.1 (a), which requires that any complaint alleging professional malpractice must be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." Fortson did not file an expert affidavit to support his claim for professional malpractice. Accordingly, the trial court did not err in granting Hotard's motion to dismiss Fortson's professional malpractice claim.[9]

(b) *Fraud.* In his complaint, Fortson alleged that Hotard had not reviewed the contract between Fortson and Gonzalez and had not met with the real estate agent and broker before writing to Fortson "accusing him of scheming and stating there were no valid contracts," and that Hotard's failure to do so constituted fraud. Fortson also averred that "Hotard's actions [led] Mr. Gonzalez to proceed with his actions of not performing his contractual obligations." Hotard moved to dismiss Fortson's fraud claim on the grounds that it had not been pled with specificity and that the complaint failed to state a claim for fraud, and the trial court granted the motion. We find no error.

The elements of a fraud claim are: "a false representation by a

---

[7] *Levy v. Reiner*, 290 Ga. App. 471, 472 (1) (659 SE2d 848) (2008).

[8] (Punctuation omitted.) *Perry v. Ossick*, 220 Ga. App. 26, 28-29 (467 SE2d 604) (1996).

[9] See OCGA § 9-11-9.1 (e) (where a plaintiff fails to file an expert affidavit, and the defendant properly moves to dismiss, the complaint "shall be subject to dismissal for failure to state a claim . . ."); *Stamps v. Johnson*, 244 Ga. App. 238, 239 (535 SE2d 1) (2000) (affirming trial court's dismissal of legal practice action based on plaintiff's failure to file an expert affidavit).

defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff."[10] OCGA § 9-11-9 (b) requires that "[i]n all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." Here, Fortson alleges that Hotard's statements induced *Gonzalez* to breach the contract; Fortson does not contend that he himself relied on any misrepresentations by Hotard. Thus, because Fortson's pleading shows on its face that he was not damaged as a result of his own reliance on any false misrepresentation made by Hotard, his fraud claim fails and was properly dismissed by the trial court.[11]

(c) *Abusive Litigation.* Fortson alleged in his complaint that Hotard's actions were malicious and that he is liable for abusive litigation under OCGA § 51-7-80. OCGA § 51-7-81 provides that "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings *against another* shall be liable for abusive litigation if such person acts: (1) [w]ith malice; and (2) [w]ithout substantial justification."

Here, Fortson does not allege that Hotard took an active part in the initiation, continuation, or procurement of civil proceedings against Fortson. Indeed, Fortson was the plaintiff in the two cases involving these parties — in the case against Gonzalez and the instant action. Thus, Fortson has failed to state a claim for abusive litigation.[12]

Moreover, Fortson's abusive litigation claim against Hotard was properly dismissed based on his failure to provide written notice of such a claim to Hotard as required by OCGA § 51-7-84 (a), which provides:

> As a condition precedent to any claim for abusive litigation, the person injured by such act shall give written notice by registered or certified mail or statutory overnight delivery or some other means evidencing receipt by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation and shall thereby give the person against whom an abusive litigation claim is contemplated an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding, claim, defense, motion, appeal, civil process, or other posi-

---

[10] (Punctuation omitted.) *Johnson v. Rodier*, 242 Ga. App. 496, 498 (2) (529 SE2d 442) (2000).

[11] See OCGA § 9-11-9 (b); *Walker v. Walker*, 293 Ga. App. 872, 874 (2) (a) (668 SE2d 330) (2008); *Majeed v. Randall*, 279 Ga. App. 679, 681 (3) (632 SE2d 413) (2006) (per curiam).

[12] See OCGA § 51-7-81.

tion. Such notice shall identify the civil proceeding, claim, defense, motion, appeal, civil process, or other position which the injured person claims constitutes abusive litigation.[13]

For these reasons, the trial court did not err in dismissing Fortson's abusive litigation claim.

3. Fortson also contends that the trial court erred in not considering his motion for reconsideration. This argument is without merit. Fortson filed a notice of appeal after he filed his motion for reconsideration, thereby divesting the trial court of jurisdiction to reconsider its dismissal order.[14]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED AUGUST 4, 2009 —
RECONSIDERATION DENIED AUGUST 21, 2009.

Major Fortson, *pro se.*
*Hawkins & Parnell, Christine L. Mast,* for appellees.

---

[13] See *LaSonde v. Chase Mtg. Co.*, 259 Ga. App. 772, 774 (2) (577 SE2d 822) (2003) (trial court properly dismissed claim for abusive litigation because the plaintiff did not give written notice of the claim to the defendant).

[14] See generally OCGA § 5-6-46; *Davis v. Harpagon Co., LLC*, 281 Ga. 250, 253 (8) (637 SE2d 1) (2006); *Guthrie v. Wickes*, 295 Ga. App. 892, 893 (1) (673 SE2d 523) (2009).