### A10A1326. CROSBY v. PITTMAN.
(700 SE2d 629)

BLACKBURN, Senior Appellate Judge.

Michael Shane Crosby appeals from the dismissal of the complaint he filed against his former attorney, David Pittman. Crosby asserts that the trial court erred in holding that the expert affidavit requirement of OCGA § 9-11-9.1 applied to his claims against Pittman for fraud and breach of fiduciary duty. Because OCGA § 9-11-9.1 applies only to claims of professional negligence, as opposed to ordinary negligence or intentional torts, we agree and reverse.

"We review a trial court's order dismissing a plaintiff's complaint de novo." *Bonner v. Peterson*.[1] In doing so,

> we treat all well-pled material allegations by the nonmovant as true and all denials by the movant as false. Only if the pleadings and exhibits incorporated into the pleadings show a complete failure by the plaintiff to state a cause of action, [is] the defendant . . . entitled to judgment as a matter of law.

(Citation and punctuation omitted.) *Shuler v. Hicks, Massey & Gardner, LLP*.[2]

So viewed, the record shows that in February 2003, Crosby retained Pittman to represent him with respect to a traffic citation. In January 2004, Pittman told Crosby that he would have to pay a $350 fine to resolve the citation. Crosby gave Pittman $350 with the understanding that he would use the money to pay the fine. Crosby later learned that the amount of the fine was only $300, but that it

---

[1] *Bonner v. Peterson*, 301 Ga. App. 443, 443 (687 SE2d 676) (2009).

[2] *Shuler v. Hicks, Massey & Gardner, LLP*, 280 Ga. App. 738, 740-741 (1) (b) (634 SE2d 786) (2006).

had never been paid. Because the traffic citation remained outstanding against him, Crosby's driver's license was suspended, and he was unable to work as a trucker. As a result, Crosby was unable to make the payments due on his truck loan, the truck was repossessed, and a deficiency judgment in the amount of $15,000 was entered against him.

On March 19, 2008, Crosby filed the current action against Pittman, asserting claims for fraud and breach of fiduciary duty. Pittman filed his answer on May 9, 2008, in which he denied all of the complaint's allegations. Over a year later, on June 19, 2009, Pittman filed a motion to dismiss, arguing that Crosby's complaint asserted claims for legal malpractice and citing Crosby's failure to file an expert affidavit, as required by OCGA § 9-11-9.1. The trial court granted that motion, in an order that was devoid of any reference to legal authority. Crosby now appeals from the trial court's dismissal of his complaint.

OCGA § 9-11-9.1 (a) requires that any complaint alleging professional malpractice be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." As the Supreme Court of Georgia has recognized, however, this statute "by its very language, is applicable only to those professional malpractice actions alleging professional negligence." *Labovitz v. Hopkinson*.[3]

> [N]ot every claim which calls into question the conduct of one who happens to be a lawyer, however, is a professional malpractice claim requiring an OCGA § 9-11-9.1 affidavit. It is only where the claim is based upon the failure of the professional to meet the requisite standards of the subject profession that the necessity to establish such standards and the violation thereof by expert testimony for the guidance of the jury arises.

(Punctuation omitted.) *Walker v. Wallis*.[4] "Thus, we have repeatedly held that complaints asserting claims for intentional misconduct against a professional, including fraud and misrepresentation, do not require the inclusion of an expert affidavit." *Murrah v. Fender*.[5] "Additionally, claims for breach of fiduciary duty do not require an expert affidavit as they are not based on negligence involving the performance of the professional's services." *Walker*, supra, 289 Ga.

---

[3] *Labovitz v. Hopkinson*, 271 Ga. 330, 334 (3) (519 SE2d 672) (1999).
[4] *Walker v. Wallis*, 289 Ga. App. 676, 678 (658 SE2d 217) (2008).
[5] *Murrah v. Fender*, 282 Ga. App. 634, 636 (1) (639 SE2d 595) (2006).

App. at 678. See also *Tante v. Herring*.[6]

As noted above, Crosby has asserted claims for breach of fiduciary duty and fraud, rather than professional negligence. Because the allegations of his complaint support those claims, the trial court erred in finding that the expert affidavit requirement of OCGA § 9-11-9.1 applied to this case. The mere fact that those allegations may have also served as the basis of a legal malpractice claim, had Crosby chosen to assert one, is irrelevant. *Shuler*, supra, 280 Ga. App. at 741 (1) (b). We therefore reverse the trial court's order dismissing Crosby's complaint.

*Judgment reversed. Miller, C. J., and Barnes, P. J., concur.*

DECIDED AUGUST 20, 2010.

*M. Francis Stubbs*, for appellant.
*David B. Pittman*, pro se.

[6] *Tante v. Herring*, 264 Ga. 694, 695 (2) (453 SE2d 686) (1994).