A11A2327. FORTSON v. FREEMAN et al.

(721 SE2d 607)

MILLER, Presiding Judge.

This is the sixth appeal filed by Major Fortson before our Court, arising out of an underlying real estate dispute.[1] Fortson, proceeding pro se, filed the instant action against his former counsel, Render C. Freeman and the law firm Andersen, Tate and Carr, P.C., formerly known as Andersen, Tate, Mahaffey & McGarity, P.C. ("ATC"), alleging multiple claims pertaining to their legal representation in the underlying lawsuit. The trial court dismissed Fortson's action as a result of his failure to file an expert affidavit pursuant to OCGA § 9-11-9.1 (a). We discern no error and affirm.

"We review a trial court's order dismissing a plaintiff's complaint de novo." (Citation, punctuation and footnote omitted.) *Crosby v. Pittman*, 305 Ga. App. 639 (700 SE2d 629) (2010). In doing so, we construe the allegations of the complaint in the light most favorable to the plaintiff, and we determine whether the allegations disclose with certainty that the plaintiff would not be entitled to judgment as a matter of law. See id.; *Fortson v. Hotard*, 299 Ga. App. 800, 802 (2) (684 SE2d 18) (2009).

---

[1] See *Fortson v. The Travelers Cos.*, Case No. A12A0156 (pending); *Fortson v. Hardwick*, 305 Ga. App. XXII (Case No. A10A0833) (2010) (not officially reported); *Fortson v. Brown*, 302 Ga. App. 89 (690 SE2d 239) (2010); *Fortson v. Hotard*, 299 Ga. App. 800 (684 SE2d 18) (2009); *Fortson v. Hardwick*, 297 Ga. App. 603 (677 SE2d 784) (2009). This Court has also resolved a related appeal filed by Fortson's opposing counsel in the underlying dispute. See *Hardwick v. Fortson*, 296 Ga. App. 690 (675 SE2d 559) (2009).

So viewed, the complaint, as amended, alleges that Fortson retained Freeman and ATC to serve as his legal counsel in a real estate dispute against Benico and Fanny Gonzales. Freeman filed a civil action on Fortson's behalf against the Gonzaleses, and prevailed in obtaining a judgment and an attorney fees award in Fortson's favor.

Thereafter, the Gonzaleses filed a Chapter 7 bankruptcy petition. During the course of the bankruptcy proceeding, Freeman and the bankruptcy trustee negotiated a settlement of Fortson's claims against the Gonzaleses, which Fortson approved.

After the bankruptcy settlement, Freeman returned to the trial court and sought a ruling on a pending motion for attorney fees against the Gonzaleses' counsel, Clifford Hardwick. The trial court granted the motion and entered an award of attorney fees against Hardwick. On appeal, however, this Court reversed the trial court's award, ruling that the bankruptcy settlement agreement provided for the resolution of all issues in the case, including the attorney fees matter against Hardwick. See *Hardwick v. Fortson*, 296 Ga. App. 690, 691 (1) (675 SE2d 559) (2009).

Fortson then filed the instant lawsuit against Freeman and ATC, alleging that Freeman provided misleading legal advice and failed to reserve his claims against Hardwick in the bankruptcy settlement. Fortson's alleged causes of action included legal malpractice; breach of contract; injunctive relief; constructive trust; negligent misrepresentation; fraud; and RICO violation.

OCGA § 9-11-9.1 (a) pertinently provides that

> [i]n any action for damages alleging professional malpractice ... the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

Subsection (g) lists the professions to which OCGA § 9-11-9.1 applies, and includes attorneys at law. See OCGA § 9-11-9.1 (g) (2). When the plaintiff fails to file the required expert affidavit in support of his legal malpractice allegation, the complaint is subject to dismissal for failure to state a claim. See *Jordan, Jones & Goulding v. Balfour Beatty Constr.*, 246 Ga. App. 93 (1) (539 SE2d 828) (2000); *Abe Engineering v. Griffin, Cochran & Marshall*, 212 Ga. App. 586 (443 SE2d 1) (1994); see also *Mendoza v. Pennington*, 239 Ga. App. 300 (1) (519 SE2d 715) (1999) (failure to comply with OCGA § 9-11-9.1 (a) results in a dismissal with prejudice).

Significantly, all of the allegations in Fortson's complaint, as

amended, concern Freeman's legal advice and actions taken as Fortson's legal representative in the underlying lawsuit and bankruptcy proceeding. Fortson pertinently alleges that Freeman and ATC made "negligent misrepresentation[s]," engaged in "lack of professional care and duty of care," and "failed to continue to pursue [his] interest to the best of their professional abilities." Although Fortson's complaint purports to state various causes of action, the substance of his allegations raise only claims of professional negligence against Freeman and ATC. Consequently, Fortson was required to comply with the provisions of OCGA § 9-11-9.1, and his failure to do so authorized the dismissal of his complaint. See *Stamps v. Johnson*, 244 Ga. App. 238, 239 (535 SE2d 1) (2000); *Mendoza*, supra, 239 Ga. App. at 300-301 (1); *Abe Engineering*, supra, 212 Ga. App. at 586.

Fortson's reliance upon *Labovitz v. Hopkinson*, 271 Ga. 330, 333-337 (3) (519 SE2d 672) (1999), is misplaced. It is true that *Labovitz* held that "claims grounded on a professional's *intentional* acts which allegedly resulted in injury to one with whom the professional had a professional relationship are not required to be accompanied by an expert affidavit." Id. at 336-337 (3). Here, however, Fortson's claims do not assert that Freeman and ATC engaged in any intentional wrongdoing. Rather, Fortson alleges that Freeman and ATC made "negligent misrepresentation[s]."

While Fortson's complaint contains a count for fraud, he failed to allege any specific facts to state a cause of action for fraud.[2]

> The tort of fraud has five elements: a false representation by the defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff. [See OCGA §§ 51-6-1, 51-6-2 (b).] OCGA § 9-11-9 (b) requires that all allegations of fraud must be made with particularity and not averred generally.

(Citations and punctuation omitted.) *Dockens v. Runkle Consulting, Inc.*, 285 Ga. App. 896, 900 (2) (a) (648 SE2d 80) (2007); see also *Fortson*, supra, 299 Ga. App. at 802-803 (2) (b). The complaint failed to allege any specific facts indicating that Freeman intentionally made false statements to Fortson during the course of his representation in the proceedings. Fortson's claims appear to assert only that Freeman provided poor advice and developed ineffective legal strat-

---

[2] Compare *Shuler v. Hicks, Massey & Gardner, LLP*, 280 Ga. App. 738, 741 (1) (b) (634 SE2d 786) (2006) (ruling that plaintiff's amended complaint set forth a viable fraud claim grounded in intentional conduct and, thus, it was not required to be accompanied by an expert affidavit under OCGA § 9-11-9.1).

egies based upon his negligence and misinterpretation of the applicable procedural laws. As such, Fortson's claims assert legal malpractice and fall within the purview of OCGA § 9-11-9.1. See *Mendoza*, supra, 239 Ga. App. at 300-301 (1). Since Fortson failed to comply with the statutory pleading requirements for an expert affidavit, the trial court did not err in dismissing the complaint. Id.; *Abe Engineering*, supra, 212 Ga. App. at 586.[3]

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED DECEMBER 8, 2011 —
RECONSIDERATION DENIED DECEMBER 15, 2011 — 

Major Fortson, *pro se*.

*Hawkins, Parnell, Thackston & Young, Kim M. Jackson, Bryan M. Grantham*, for appellees.

---

[3] Freeman and ATC filed a motion to dismiss appeal based upon Fortson's noncompliance with Georgia Court of Appeals Rule 25, governing the structure and content of the appellate brief. In light of our resolution of the claims presented, the motion is denied as moot.