IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 4, 2018

## JON VAZEEN v. MARTIN SIR

**Appeal from the Circuit Court for Davidson County**
**No. 16C2388       Don R. Ash, Senior Judge[1]**

_____

### No. M2018-00333-COA-R3-CV

_____

Jon Vazeen (plaintiff) filed this action for legal malpractice and fraud against his former attorney, Martin Sir (defendant). Plaintiff alleged that defendant was guilty of "repeated unprofessional behavior" and the "inept and total mishandling" of his divorce case. He also alleged defendant defrauded him by "infusing several thousand dollars of <u>fake items</u> in his invoice" for attorney's fees. (Underlining in original). The trial court granted defendant summary judgment on the malpractice claim because the complaint was not filed within one year of the accrual of the claim, as required by Tenn. Code Ann. § 28-3-104(c)(1)(2017). The court granted summary judgment on the fraud claim on the ground of res judicata. The court held that the fraud claim was barred by the earlier dismissal of plaintiff's ethics complaint based upon the alleged fraud of the defendant with the Board of Professional Responsibility (the Board). We affirm the summary judgment of the trial court on the legal malpractice claim. We hold that the Board's decision to dismiss an ethical complaint does not bar plaintiff from bringing a malpractice or fraud claim against an attorney on the ground of res judicata. Summary judgment on the fraud claim is vacated and the case is remanded for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part and Vacated in Part; Case Remanded for Further Proceedings**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which and RICHARD H. DINKINS and KENNY ARMSTRONG, JJ., joined.

Jon Vazeen, Knoxville, Tennessee, appellant, pro se.

Tom Corts and Rachel C. Hogan, Nashville, Tennessee, for the appellee, Martin Sir.

_____

[1] Sitting by designation.

-1-

# OPINION

## I.

In February of 2015, plaintiff hired defendant to represent him in his divorce action. On June 25, 2015, dissatisfied with defendant's representation of him, plaintiff sent an email saying, "I am rather very upset, concerned and, truly surprised at your office's lack of professionalism in handling this divorce case so far." Plaintiff itemized several complaints regarding discovery and lack of attention to other issues in the case. On July 24, 2015, defendant sent plaintiff an invoice and bill reflecting total charges of $11,660 and showing an amount due of $6,660. Plaintiff fired defendant on September 15, 2015. Apparently he also complained about the bill, because the record contains a copy of an email sent from defendant to plaintiff on September 22, 2015, saying:

> I will be reviewing my statement to you to see if we made mistakes in our billing since you have now brought this to my attention. It is always our policy to make adjustments if mistakes are made. [Please] know that if billing errors were made, they were not intentional.

On October 21, 2015, plaintiff responded with a letter stating, in pertinent part, as follows:

> Now that I am preparing to file a complaint against you with [the] Tennessee Bar Association, other governmental agencies, file a lawsuit to seek damages and, before I take the story of your fraudulent charges to the public domain, I am obligated to give you an opportunity to respond.
>
> On September 15, 2015 documented *obvious* fraudulent charges were faxed/mailed to your office. ***You chose not to respond***. However, the invoice that you submitted along with your October 7, 2015 motion to the 3rd Circuit Court of Davidson County (Nashville) is not the same as the invoice that you had sent me. In the invoice that you submitted to the court, you have attempted to deceit [*sic*] the court by removing some of the *obvious* fraudulent items, combining some of the items and, rewording some of the items. On one hand, you have claimed that a specific service was performed on a specific date and for specific hours. On the other hand, you have removed the same item from your invoice.

Therefore, you have admitted that the service never happened and the charge was fraudulent.  As a supposedly professional person operating within the legal community, I am sure that you know that you are legally responsible to explain why you have removed, combined and, reworded your services.

***The fact that you have removed, combined and modified your services gives me the right to claim that ALL your invoice items related to* [the divorce case] *are fraudulent. Because you have admitted to defrauding me, you have the responsibility of proving that the remaining charges are not fraudulent.  <u>I claim that ALL invoice items are fraudulent.</u> To show yet another fraudulent charge; you have charged me $368.57 for Alpha Reporting while my cancelled check shows that I paid for the court reporter.***

(Italics, bold font, underlining, and capitalization in original).

Defendant replied two days later with a letter stating in pertinent part:

The invoice items that you reference were removed from the bill because they were mistakenly placed on the bill.  Your copy represents a corrected version that was also sent to the court.  If you had called my office prior to making the false allegations of fraud towards my office, I would have told you, as I have done with other prior clients who have noticed mistakes in bills that it was a mistake and that it would be corrected.  This is what I have done with the new bill that was submitted to the court and to you.  However, as you will note from the contract you executed, retainers are non-refundable and the "billing error" did not change the fact.

. . . My bills are itemized so that my clients can review them and ascertain whether there were any mistakes made because we are human. . . .

In addition, since you have brought to my attention the mistake regarding Alpha Reporting.  Once Alpha Reporting verifies that payment, it will also be removed from your bill.

On January 8, 2016, plaintiff filed an ethics complaint against defendant with the Board. On September 8, 2016, he filed his complaint in the trial court. On December 5, 2017, defendant mailed plaintiff a check in the amount of $3,948.75, the amount he determined he had been overpaid by plaintiff, plus prejudgment statutory interest. After discovery, defendant moved for summary judgment. The trial court granted the motion. Regarding the timeliness of the legal malpractice claim, the court found and held in pertinent part as follows:

> On June 24, 2015 Plaintiff discovered Defendant had failed to send interrogatories and requests for production of documents to Plaintiff's wife. As Plaintiff stated in his deposition, the failure "caused an enormous amount of harm" because Plaintiff was unable to prepare himself for his deposition. Plaintiff admittedly would have fired Defendant "right then" for negligence, lack of organization, unprofessionalism, and his unethical handling of the divorce if he had not already paid a $5,000.00 non-refundable retainer fee.
>
> As of June 25, 2015, Plaintiff had formed the opinion Defendant was negligent, unprofessional and unethical and memorialized his complaint and awareness of Defendant's lack of professionalism in an e-mail to Defendant.
>
> Plaintiff alleges Defendant was negligent in failing to properly prepare for mediation, which occurred in July or August 2015. Specifically, Plaintiff alleges Defendant "just s[a]t in there and he didn't have any input. He didn't have any offers prepared. He didn't work with [Plaintiff]. He didn't ask [Plaintiff] what [he] want[ed]. He didn't look at the laws to say that this is what the law says, this is what you can expect. He just showed up and sat in there." Plaintiff alleged damages due to Defendant's lack of preparation for mediation, his failure to help Plaintiff, and his failure to negotiate a better settlement.
>
> \* \* \*
>
> [B]y June 24, 2015, Plaintiff was aware of Defendant's failure to submit interrogatories to Plaintiff's wife. He

-4-

memorialized his "upset, concern[] and, tru[e] surprise[]" in an email to Defendant and he indicated to the Board, he "would have fired him right then for negligence, lack of organization, unprofessionalism and, his unethical handling of [the] divorce," but for the non-refundable retainer. Similarly, by July 2015, Plaintiff was aware of Defendant's alleged malpractice regarding mediation as Plaintiff was present at mediation and witnessed the complained-of conduct. The Court finds, by June 24, 2015 and July 2015, respectively, Plaintiff was aware of sufficient facts to put him on notice injuries had been sustained regarding interrogatories and mediation. Accordingly, Plaintiff's September 8, 2016 Complaint is untimely as to these theories of legal malpractice.

(Brackets in original; citation omitted).

Prior to the trial court's grant of summary judgment, the Board dismissed plaintiff's ethics complaint against defendant on January 25, 2017. In defendant's reply to plaintiff's response to his motion for summary judgment, defendant argued that the Board's decision was res judicata upon plaintiff's fraud claim. The trial court agreed and granted summary judgment on plaintiff's fraud claim on the ground of res judicata. Plaintiff timely filed a notice of appeal.

**II.**

Plaintiff frames the issue presented in his brief as follows:

In a motion for <u>summary judgment</u> where, as the main points,

I. The moving party's <u>Statement of Undisputed Material Facts</u> is flawed to the extent that it **does not even include the *most essential claim*** of the lawsuit and

II. The <u>court admits</u> to **not being clear** on the *most essential claim*,

III. *The most essential claim* is under dispute,

-5-

is <u>granting</u> the summary judgment and <u>dismissing the ***most essential claim***</u> of a lawsuit by default (<u>Res Judicata</u>) justified?

(Italics, bold font, and underlining in original). In his brief, plaintiff wields the phrase "most essential claim" like a talisman, using it on nearly every page, and in two instances, seven times on a single page. Throughout, he defines his "most essential claim" as defendant's "scheme to defraud" him.

However, in the body of his brief, plaintiff also obliquely argues that the trial court erred in dismissing his malpractice claims as untimely under the one-year statute of limitations. Defendant argues that plaintiff has waived this argument by not including it in his statement of issues as required by Tenn. R. App. P. 27(a)(4). The Supreme Court has held that "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." **Hodge v. Craig**, 382 S.W.3d 325, 335 (Tenn. 2012); *see also, e.g.*, **Childress v. Union Realty Co.**, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) ("We consider an issue waived where it is argued in the brief but not designated as an issue"). There is no reasonable interpretation of plaintiff's statement of the issue presented to stretch it into a challenge to the trial court's ruling that plaintiff's malpractice claims were filed within one year of their accrual. Consequently, that issue is waived. Nevertheless, we have thoroughly reviewed the record as it pertains to this issue, and we observe that it fully supports the trial court's determination that, as evidenced by plaintiff's own testimony and filings with the Board, the undisputed facts establish that his legal malpractice action was not timely brought. Thus, had it not been waived, this argument would not have been successful.

We proceed to consider the issue presented, which we restate as: whether the trial court erred in granting summary judgment on plaintiff's fraud claim as barred by the doctrine of res judicata.

### III.

Our standard of review of a grant of summary judgment is as stated by the Supreme Court:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion

-6-

for summary judgment de novo, without a presumption of correctness.

* * *

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. . . . The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015) (italics in original). "A trial court's decision that a claim is barred by the doctrine of res judicata involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." *Long v. Bd. of Prof. Resp.*, 435 S.W.3d 174, 183 (Tenn. 2014).

## IV.

### A.

Defendant argues that plaintiff's claim for fraudulent billing sounds in legal malpractice and should also be time-barred under the one-year statute of limitations. We disagree. This Court, in *PNC Multifamily Capital Instit. Fund XXVI Ltd. P'ship v. Bluff City Comm. Dev. Corp.*, 387 S.W.3d 525, 546 (Tenn. Ct. App. 2012), stated:

[N]ot every claim which calls into question the conduct of one who happens to be a lawyer . . . is a professional malpractice claim. . . . It is only where the claim is based upon the failure of the professional to meet the requisite standards of the subject profession that [a claim for malpractice lies]. . . . Thus, we have repeatedly held that complaints asserting claims for intentional misconduct against a professional, including fraud and misrepresentation,

do not require the inclusion of an expert affidavit [because they do not sound in legal malpractice].

(Quoting *Crosby v. Pittman*, 305 Ga. App. 639, 640, 700 S.E.2d 629 (2010) (brackets and ellipses in original)); *see also* *Nobes v. Earhart*, 769 S.W.2d 868, 872 (Tenn. Ct. App. 1988) (addressing separately claims for legal malpractice and fraud against attorney). In the present case, plaintiff has alleged intentional misconduct, so his claim is not barred by the one-year statute of limitations for legal malpractice.

## B.

Alternatively, defendant argues that plaintiff's fraud claim should have been dismissed because plaintiff failed to state it with particularity, as required by Tenn. R. Civ. P. 9.02. Defendant first raised this issue in the trial court in his reply to plaintiff's response to his motion for summary judgment. Significantly, the trial court did not dismiss the fraud claim for lack of particularity under Rule 9.02. Thus, on appeal, defendant is not simply arguing that that the trial court was correct on this issue, but that the court erred by not dismissing the fraud claim on this ground. This is a distinct issue not raised by plaintiff as the appellant. In *Hodge*, the Supreme Court provided the following guidance for appellees who want to raise their own separate issues for review:

> Appellees who have not filed a notice of appeal . . . have three options with regard to framing the issues on appeal. First, they may simply accept the issues as framed by the appellant. Second, they may reframe the issues presented by the appellant if they find the appellant's formulation of the issues unsatisfactory. Third, they may present additional issues of their own seeking relief on grounds different than the grounds relied on by the appellant[.]

> Parties who have not filed their own application for permission to appeal may present issues other than those presented by the appellant. . . . To do so, however, Tenn. R. App. P. 27(b) requires a party to include in its brief "the issues and arguments involved in [its] request for relief as well as the answer to the brief of the appellant . . ." [A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4).

382 S.W.3d at 335 (footnotes omitted). Defendant's statement of the issues presented states, "[t]he Appellee adopts the Statement of the Issues as recited by the Appellant." Under the principle stated above in *Hodge*, the issue of pleading fraud with particularity is waived.

## C.

The Board dismissed plaintiff's ethics complaint against defendant on January 25, 2017. The record contains a copy of the letter to defendant from the Board that simply states "the complaint has been dismissed." The Board made no findings, as far as the record reveals. The trial court ruled that "Plaintiff's fraudulent billing claim is barred by res judicata." The Supreme Court has recently reiterated the following regarding the res judicata doctrine:

> "The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009) (citing *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987)). "The primary purposes of the doctrine are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Id*. (citing *Sweatt v. Tenn. Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002)).
>
> "The party asserting a defense predicated on res judicata must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Long*, 435 S.W.3d at 183 (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)).

*Napolitano v. Bd. of Prof. Resp.*, 535 S.W.3d 481, 496 (Tenn. 2017). In the present case, neither the first nor the third element of res judicata has been established.

The Board is not "a court of competent jurisdiction" to adjudicate a claim of fraud against an attorney for a monetary judgment of alleged damages. The Supreme Court, which directly oversees the Board, has provided the following guidance regarding its nature and responsibilities:

> *The Board is an administrative entity, not a judicial system.* As such, the Board performs various functions. For example, the Board is authorized to investigate any allegation of attorney misconduct or attorney incapacity. Tenn. Sup. Ct. R. 9, §§ 5.5(a), 8.1. The Board is empowered to adopt and submit to this Court for approval "written guidelines to ensure the efficient and timely resolution of complaints, investigations, and formal proceedings." *Id*. § 5.5(b). The Board assigns district committee members "to conduct disciplinary hearings and to review and approve or modify recommendations by Disciplinary Counsel for dismissals or informal admonitions." *Id*. § 5.5(c). The Board reviews, at Disciplinary Counsel's request, the determination of a reviewing district committee member "that a matter should be concluded by dismissal or by private informal admonition without the institution of formal charges." *Id*. § 5.5(d). The Board may also privately reprimand attorneys for misconduct. *Id*. § 5.5(e).
>
> The Board receives regular reports from, and conducts regular performance evaluations of, Chief Disciplinary Counsel. *Id*. § 7.1. Petitions initiating formal disciplinary proceedings are filed with the Board. *Id*. § 8.2. Once a petition and answer are filed, the Chair of the Board assigns a hearing panel to adjudicate the matter. *Id*. The Board reviews Disciplinary Counsel's recommendation to appeal from a hearing panel's judgment. *Id*. § 5.3. The Board, or a panel of the Board, hears petitions for dissolution of temporary orders of suspension, *id*. § 4.3, and petitions for relief from costs, *id*. § 24.3.
>
> Unlike a judicial system, in which investigative, prosecutorial, and adjudicative functions are separate, some overlapping of these functions is inherent in administrative agencies, like the Board. *See* ***Withrow v. Larkin***, 421 U.S. 35, 54–55, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) (discussing

-10-

the overlapping investigatory and adjudicatory functions administrative agencies may perform); *Heyne*, 380 S.W.3d at 735 (discussing the overlapping functions performed by school boards in Tennessee). *The Board simply is not a judicial system*; thus, a Board member is not an officer of a judicial system.

*Moncier v. Bd. of Prof. Resp.*, 406 S.W.3d 139, 159 (Tenn. 2013) (emphasis added; footnote omitted).

Secondly, shortly after plaintiff filed his complaint with the Board, it responded with a letter stating, in pertinent part, the following:

> We have opened an investigative file regarding *your complaint of alleged ethical violations* against the above attorney. An investigation will be conducted into your allegations and you will be notified of the results. . .
>
> You should understand that we do not represent your legal interests and cannot give you legal advice. *The filing of this complaint does not preserve your legal rights or remedies in your underlying legal matter*, such as legal malpractice or the statute of limitations, and *is not an action to pursue a civil or monetary recovery*. You should consult independent legal advice regarding such issues. . .
>
> *Our function is limited to consideration of whether there has been a violation of the Rules of Professional Conduct* pursuant to the requirements imposed by Rule 9 of the Rules of the Tennessee Supreme Court.

(Emphasis added; footnote omitted). This letter makes it clear to all involved that the issue of whether plaintiff should be awarded damages on his fraudulent billing claim against his former attorney is not an issue before the Board. Consequently, the third element of res judicata is not established, and defendant is not entitled to judgment as a matter of law on the fraud claim.[2]

---

[2] We do note that it is entirely possible that a Board's judgment on an ethics complaint might be given res judicata effect to bar a subsequent *second ethics complaint*. In this vein, the Supreme Court stated in *Napolitano*,

> For the purposes of this decision, we assume, without deciding, that the

## V.

The trial court's summary judgment on the legal malpractice claims is affirmed. The summary judgment on the fraudulent billing claim is vacated, and the case remanded for further proceedings. Costs on appeal are assessed one-half to appellant, Jon Vazeen, and one-half to appellee, Martin Sir.

_____
CHARLES D. SUSANO, JR., JUDGE

---

Board's action of dismissing an ethics complaint after an investigation can be considered a judgment sufficient to support a claim of res judicata if a subsequent ethics complaint otherwise satisfies the criteria for the application of res judicata.

535 S.W.3d at 496. However, this case obviously does not involve a second ethical complaint against defendant.